THE STATE, *Appellant,* v. BOLLINGER.

**The State's Right of Appeal in Criminal Cases.** Where a motion in arrest of judgment in a criminal case has been sustained, and the prisoner ordered discharged, on the ground that at the time of the commission of the offense the defendant was a slave, and as such not liable to punishment, the State cannot appeal. Her right of appeal is limited to those cases, where, either on motion to quash, on demurrer or on motion in arrest of judgment, the indictment has been adjudged to be insufficient either in form or substance.

37—69

*Appeal from Madison Circuit Court.*—Hon. Wm. N. Nalle, Judge.

*J. L. Smith*, Attorney-General, for the State.

*Duchouquette & Fox* for respondent.

Norton, J.—At the September term, 1878, of the circuit court of Madison county, the grand jury returned into court an indictment in the usual form, charging Adam Bollinger with murder in the first degree for the killing of one Jack Matthews on the 30th day of October, 1862. At the September adjourned term of said court, the defendant withdrew his plea of "not guilty," which had been theretofore entered to said indictment, and pleaded "guilty of murder in the second degree," which was accepted by the court. He was afterwards brought up to receive sentence, and the record recites that being "informed of the nature of his plea of guilty of murder in the second degree, heretofore entered by him in said cause, and being asked by the court if he had any legal cause to show why judgment should not be pronounced against him according to law, says : 'That at the time of the alleged commission of the crime charged in the indictment, he was a slave, the property of Mrs. Nancy Bollinger, and that the deceased was at the time a slave, the property of John J. Matthews, and claims for the reasons stated that he was not amenable to the laws for the punishment of free white persons.' And still failing to show such cause, it is therefore sentenced, ordered and adjudged that the defendant be confined in the penitentiary for the period of ten years, etc." The defendant thereupon moved to arrest the judgment for the reasons "that defendant being a slave, and the said Jack Matthews, alleged to have been killed, being a slave also, said alleged act in defendant was not punishable under the laws in force at the time of the alleged commission of the offense," and, "that a slave,

under the laws in force at the time of the alleged commission of the offense, was not punishable (by imprisonment) in the penitentiary for the commission of any felony." The bill of exceptions recites "+hat said motion was taken up, and upon the hearing of the facts found by the court, and the facts in the case as admitted and agreed upon by the prosecuting attorney and defendant," the court sustained the same, to which the state excepted. Judgment was thereupon rendered, which recites, " that the court finding upon the admissions of the parties, that the offense charged in the indictment was committed on the 30th day of October, 1862 : that the defendant was a slave, etc., and that the deceased, etc., was at the same time a slave, etc., it was ordered that said motion be sustained," and that defendant go hence without day. The state filed her bill of exceptions, and thereupon brings the case here by appeal.

The first question which the record before us presents is, whether the state can prosecute an appeal under the circumstances disclosed upon the face of it. Sections 13 and 14, Wag. Stat. 1114 provide as follows : 13. " The state in any criminal prosecution shall be allowed an appeal *only* in the cases and under the circumstances mentioned in the next succeeding section." 14. " When any indictment is quashed, or adjudged insufficient on demurrer, or when judgment *thereon* is arrested, the court in which the proceedings were had either from its own knowledge, or from information given by the prosecuting attorney that there is reasonable ground to believe the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment ; or if the prosecuting attorney prays an appeal to the supreme court, the court may in its discretion grant an appeal." We think it clear that under the above sections the right of the state to prosecute an appeal is limited to those cases where the indictment has been adjudged to be insufficient either on motion to quash, on demurrer, or motion in arrest of judgment

because of defective indictment.   It does not appear nor
is it claimed that the indictment on which the state asks a
judgment is insufficient either in form or substance, but on
the contrary its sufficiency to support a judgment is ad-
mitted.   The insufficiency of it is not alleged as a ground
for arresting the judgment, but the reason alleged is that,
admitting that it properly charges defendant with the
crime of murder, defendant "being a slave and the said
Jack Matthews alleged to have been killed being also a
slave, said alleged act of defendant was not punishable
under the laws in force at the time of the alleged commis-
sion of the offense, and that a slave under the laws in force
at the time of the alleged commission of the offense was
not punishable by imprisonment in the penitentiary."  The
judgment of the trial court was that these reasons were
sufficient to authorize the judgment to be set aside and the
entry of judgment discharging defendant.   From the ac-
tion of the trial court in that respect the state cannot ap-
peal any more than it could if on the trial of the cause
the court had given a wrong instruction or instructed the
jury that under the evidence they should acquit the de-
fendant.   Although such instructions might be erroneous
and ultimate in the discharge of a criminal, no appeal
could be taken by the state because the law so declares.
We are therefore of the opinion that this case does not
come within the class of cases in which the state is author-
ized to appeal, and it is therefore dismissed.

DISMISSED.