THE STATE, Appellant, v. FRED FIREY.

**Division Two, November 23, 1909.**

1. **PLEA IN ABATEMENT.** A plea in abatement is the proper plea to bring to the attention of the court extraneous matters or matters outside the record proceedings which render the indictment invalid; and when the plea sets up such matters it will not be held to be a motion to quash or a demurrer.

2. ————: **Appeal by State.** The State is not entitled to an appeal from the judgment of the circuit court sustaining a sufficient plea in abatement to the indictment.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

APPEAL DISMISSED.

*Elliott W. Major,* Attorney-General, *James T. Blair,* and *Charles G. Revelle,* Assistant Attorneys-General, for the State.

Is this appeal authorized by the statute?

(1) Section 2709, R. S. 1899, provides that "When any indictment is quashed, or adjudged insufficient upon demurrer, or when judgment thereon is arrested, . . . the court may, in its discretion, grant an appeal." Section 2708 expressly limits the State's right to appeal to the instances enumerated in section 2709. (a) It has been repeatedly held by this court that no ap-

peal on behalf of the State lies except when the case is brought "within the precise cases and circumstances specified in the statute" quoted above. State v. Carr, 142 Mo. 609; State v. Clipper, 142 Mo. 476; State v. Cornelius, 143 Mo. 180. (b) It has also been expressly held by this court that writ of error will not lie on behalf of the State to review a judgment on plea in abatement—the same rule being applicable to appeals. State v. Heisserer, 83 Mo. 692. The plea in this case was to the jurisdiction and not a plea in abatement, though so nominated. (c) A like ruling was made in a case in which the trial court sustained a special plea to the indictment. The State then, as in this case, demurred to the plea, stood on the demurrer and attempted to appeal from the judgment. State v. Rowe, 22 Mo. 328. (d) Under a similar statute, it was held no appeal by the State would lie in a case in which defendant succeeded on his plea of former acquittal, the State's demurrer thereto being overruled and acquittal ordered. State v. Minnick, 33 Oregon 158. (e) In a case in which a plea in abatement, both in name and in fact, was filed by defendant, demurred to by the State, demurrer overruled and plea sustained, an appeal by the State was permitted under a statute like ours, the court placing its ruling on the ground that "the legal effect of the judgment was the same" as if the indictment had been quashed on motion. State v. Manning, 14 Texas 405. This is the only case on the point in question which has come under our observation in which the plea in abatement was such in fact. If this Texas case is to be followed, the appeal in the case at bar is sustained. And this court once sustained an appeal by the State in a case in which the lower court discharged a defendant on a motion the grounds of which were that the indictment was not filed with the clerk because, for that reason, there was no indictment in the case. State v. Clark, 18 Mo. 433. (2) Calling the plea filed a plea in abate-

ment is not conclusive that it is one. Its character must be determined from its allegations, not from the label put upon it by respondent. State v. Bishop, 22 Mo. App. 439. The question is whether the plea or motion filed is, by reason of its substance, within either of the terms which are used in section 2709, R. S. 1899. (a) It clearly does not come under the last class designated by the section mentioned. (b) It is not a demurrer, since that goes to the sufficiency of the indictment as a charge of crime against defendant, and is not designed to raise questions of fact or any questions dehors the record. State v. Burgdoerfer, 107 Mo. 12; 1 Chitty's Crim. Law, p. 439; 1 Bishop's New Crim. Proc., secs. 741, 777. Subsequent criticisms of the Burgdoerfer case do not go to the point on which we cite it here. (3) Was the plea or motion filed a plea in abatement? (a) It is so named by defendant, so referred to by the prosecuting attorney and the judgment is that the indictment "abate." It is manifest, however, that none of these can give character to the paper filed by defendant. The substance of the allegations therein must determine that question. We think this true despite an intimation in one case that, where a plea has been filed and argued on demurrer as a plea in abatement, it cannot on appeal be treated as a motion to quash. Hope v. People, 83 N. Y. 422. The plea in this last case was filed for matters it could not reach, though a motion to quash would reach them. People v. Hulbut, 4 Denio 136. (b) Demurrers, motions to quash and pleas in abatement are all accorded statutory recognition in this State. Sec. 2532, R. S. 1899; sec. 2562, R. S. 1899. (c) The question, then, is whether the plea filed was in fact a plea in abatement or a motion to quash. "The only pleas in abatement in criminal cases are, that the indictment gives the defendant no Christian or first name or a wrong one, no surname or a wrong one, no addition or degree of mystery or a wrong one." 1 Archibald's

Cr. Pl. (Waterman), p. 358. This rule finds some support in 1 Chitty's Crim. Law, pp. 445, 447. Further, "A plea in abatement is principally for a misnomer, a wrong name or false addition to the prisoner," and "it is a rule upon all pleas in abatement that he who takes advantage of a flaw must at the same time show how it may be amended." 4 Blackstone's Com., secs. 334-335. It would not be possible to apply this last rule to a plea in abatement if allowed as a means of attack upon the indictment for the irregularities set up by defendant in this case. It is said by a modern author that the motion to quash seems an appropriate method by which to reach irregularities in the matter of the constitution of the grand jury, the return of the indictment, etc. 1 Bishop's New Crim. Proc., secs. 763, 882. But the plea in abatement is resorted to in such cases more frequently. 1 Bishop's New Crim. Proc., secs. 791, 883. "Pleas in abatement are founded on some defect apparent on the face of the accusation or on some matter outside the record proceeding to the insufficiency of the accusation." Bassett's Crim. Pl. sec. 178; 1 Bishop's New Crim. Proc., sec. 738; 1 Chitty's Crim. Law, p. 445. It is also said that a plea in abatement is the proper mode of raising the objection that the indictment was found by an illegal grand jury or illegally found by a legal grand jury. 12 Cyc., p. 718. One author says that in all cases of contested fact, plea in abatement is the proper remedy. Wharton's Crim. Pl. and Prac., sec. 350, 3, b. And in Georgia it was held that the fact that the grand jury failed to return the indictment into open court was proper ground for plea in abatement. The question of practice was not discussed. Sampson v. State, 124 Ga. 779. In this State plea in abatement seems to be regarded as the proper method of attacking an indictment, for the reason that unauthorized persons participated in the grand jury's proceedings. State v. Salmon, 216 Mo. 503; State v. Sullivan, 110 Mo. App. 80. Another

State v. Firey.

case quite impartially intimates that either the plea or the motion may be used to assail the "integrity or authenticity" of an indictment. State v. Runzi, 105 Mo. App. 390. Motions to quash sometimes reach matters not apparent on the face of the indictment. State v. Wall, 15 Mo. 209. If either the rule laid down in the Texas case cited, supra, or Archibald's rule as to the limitations upon pleas in abatement is adopted, it would seem that the appeal in this case would lie. The apparent confusion in the American cases as to the proper function of the plea in abatement is, at least partially, due to the differences in the statutes in the several states. The same may be said of the motion to quash. However, according to some authorities, either the plea or the motion might be employed to reach some defects. 1 Bishop's New Crim. Proc., secs. 739, 763, 767, 882, 883, 884, 884a; State v. Bordeaux, 93 N. C. 563.

*R. M. Sheppard* for respondent.

(1) The State has no authority to appeal except in cases specifically provided for in the statutes; the statute providing for appeal by the State gives no authority to the State to appeal from an order or judgment sustaining a plea in abatement to an indictment. R. S. 1899, sec. 2709; State v. Husserer, 83 Mo. 692; State v. Bollinges, 69 Mo. 577; State v. Burgdoefer, 107 Mo. 1. (2) The statute of the State provides that indictments and presentments made by a grand jury shall be presented by their foreman, in their presence, to the court. Sec. 2512, R. S. 1899; 1 Bishop's Crim. Proc., sec. 869, a-3; Hobert v. Hobert, 5 Iowa 503, 22 Cyc. 210; State v. Vincent, 91 Mo. 662; Goodson .v. State, 29 Fla. 511; Thornell v. Peofiedfile, 17 Pac. 904. (3) The constitution of the State and our statute provide that the sitting of courts shall be public. Constitution, article 2, sec. 10; R. S. 1899, sec. 1597; State v. Woodson, 161 Mo. 453; State v. Pope, 110 Mo.

App. 520; Ex parte Gardner, 22 Nev. 280; In re Choate, 18 Civ. Pro. Ref. (N. Y.), 186; Levy v. Bigelow, 34 N. F. 130; Tissier v. Rhein, 130 Ill. 110; State v. Judges, 32 La. Ann. 1261; 8 Am. and Eng. Ency. Law, p. 22.   (4)   While the presumption of regularity attends the acts and proceedings of a court of general jurisdiction, this can be overcome by competent testimony.   Church on Habeas Corpus, secs. 368a and 368; Ex Parte Tony, 11 Mo. 661; 27 L. R. A. 76. The presiding judge of the circuit court has no right to be in the grand jury room during their deliberations, or to interfere with the acts, or to advise them as to whether an indictment should or should not be returned in any special case, and his presence and interference rendered the indictment void, and the circuit court cannot undertake to influence the grand jury without invalidating its indictment.   State v. Salmon, 216 Mo. 466; State v. Wills, 65 N. W. 367; Clare v. State, 28 L. R. A. 367; State v. Tarlington, 102 Mo. 642.   (5)   The indorsement on an indictment, "a true bill," is required by the statute of this State and constitutes the law's evidence that the requisite number of grand jurors concurred in finding the bill; and an indictment without this endorsement and signature is not an indictment in the regular sense of the word.   R. S. 1899, secs. 2510 and 2511; State v. Bruce, 77 Mo. 195; State v. Squires, 10 N. H. 558.

GANTT, P. J.—This is an appeal by the State from a judgment of the circuit court of Jasper county overruling a demurrer filed by the State to a plea in abatement filed by the defendant to an indictment against him for setting up and keeping certain gaming tables and devices and with enticing and permitting certain persons to bet and play for money at and upon said tables.

The indictment and plea in abatement are in all respects the same as those in State v. Craig, handed

down at this delivery, and reported at page 201 of this Report. For the reasons assigned in that case the appeal of the State must be dismissed, unless the contention of the State in this case, that the plea was not in fact and in law a plea in abatement, is sound. Pleas in abatement are founded on some defect apparent on the face of the accusation or on some matter outside the record proceeding to the insufficiency of the accusation.

"The rule is that all matters extraneous to the record must be taken advantage of by this plea; while such matters as appear by the accusation—errors apparent—are usually brought to notice by motion to quash, or demurrer, or left for motion in arrest in the event of conviction." [Bassett's Crim. Pl., sec. 178; 1 Chitty's Crim. Law, sec. 445; 1 Bishop's New Crim. Proc., sec. 738; 12 Cyc., p. 718; Sampson v. State, 124 Ga. l. c. 779; State v. Salmon, 216 Mo. l. c. 503; State v. Sullivan, 110 Mo. App. l. c. 80; State v. Bordeaux, 93 N. C. l. c. 563.]

That the plea alleged facts *dehors* the record for which the indictment should be quashed in the estimation of the defendant, is apparent, and the matters alleged were properly brought to the attention of the court in a plea in abatement. [Wharton's Crim. Pl. and Prac. sec. 350, 3b.]

Having reached the conclusion that these matters were correctly incorporated in the plea in abatement and the circuit court having sustained the plea and abated the indictment and the State not being entitled to an appeal in such a case, the correctness of the ruling in sustaining the plea upon the grounds therein set forth is not within our province to determine, for the reason that we have no jurisdiction of the appeal.

The appeal is dismissed.

*Burgess* and *Fox, JJ.,* concur.