STATE OF MISSOURI, APPELLANT, v. OTTO FRANKLIN REISMAN, RESPONDENT.—37 S. W. (2d) 675.

Kansas City Court of Appeals. Opinion filed April 6, 1931.

*Stratton Shartel*, Attorney-General, *A. B. Loran*, Assistant Attorney-General, and *James R. Page*, Prosecuting Attorney for appellant.

*Brennan & Fraker* and *J. M. Johnson* for respondent.

BOYER, C.—Prosecution for unlawful practice of medicine. By information of an assistant prosecuting attorney of Jackson county, Missouri, it was charged that defendant in said county on September 8, 1929, "did wilfully and unlawfully practice medicine by treating and prescribing medicine for one Mr. Hickman, without having first obtained a license from the State Board of Health to practice medicine within the State of Missouri." Defendant filed a

duly verified plea in abatement in which it is stated that the prosecution of said alleged offense should be abated for the following reasons:

"1. Because the defendant is a bona-fide graduate of the Des Moines Still College of Osteopathy, located in Des Moines, Iowa, which said college of osteopathy is a legally chartered school of osteopathy in the State of Iowa. Defendant having received his diploma from said institution on the 27th day of May, 1920, and having been duly and regularly received by the Board of Osteopathic Examination and Registration of Missouri on the 3rd day of June, 1920, and having in all things complied with the requirements of chapter 79 of the Revised Statutes of Missouri for the year 1919, and all amendments thereto providing for the licensing of Osteopathic Physicians; said Board of Osteopathic Examination and Registration of Missouri having on said 3rd day of June, 1920, issued to him a certificaite or license to so practice his profession in the State of Missouri and having on the 25th day of July, 1921, duly and regularly registered his said certior license to so practice osteopathy in the office of the clerk of the county court of Jackson county, Missouri, as required by law; said certificate or license being recorded in the record of Osteopaths, Volume One, at page 180, and he the said defendant being now and at all times mentioned in the information filed herein having been a duly qualified, licensed and registered Osteopathic physician and entitled to practice his profession in Jackson county, Missouri.

"2. Because the defendant in treating and prescribing medicine for Mr. Hickman, as alleged in the information herein, was following the system, method, or science of treating the disease he was then treating; which said system, method or science of treatment is commonly known as osteopathy and is the method or system of treatment which is taught and practiced by the American School of Osteopathy of Kirksville, Missouri; that the said system, method or science of treating the disease the defendant was treating at the time of the violation of the statute alleged in the information herein, known as osteopathy, and as taught and practiced by the American School of Osteopathy at Kirksville, Missouri, specifically teaches the prescribing and use of the drugs prescribed by the defendant at the time mentioned in said information for the treatment of the disease defendant was then treating and for which said drugs were prescribed and used and because said the Des Moines Still College of Osteopathy at which plaintiff was educated, as aforesaid, and the American School of Osteopathy at Kirksville, Missouri, teaches the treatment and prescribing of medicine, the use of the drugs and medicines so prescribed by the defendant at the time mentioned in said information and that in so prescribing for and treating the

said Mr. Hickman he was following the method, system or science in treating the disease then being treated by him which is known as osteopathy, and as then and now taught by the American School of Osteopathy at Kirksville, Missouri, and because the practice of osteopathy in Missouri has always, and for more than thirty years last past called for the use and prescribing of certain drugs and medicines for certain diseases, including the drugs prescribed by the defendant for the treatment of the said Mr. Hickman at the time alleged in said information and because the use of drugs and medicines for certain diseases and the use of the drugs and medicines so prescribed by the defendant in treating the said Mr. Hickman as alleged in the information, was the latest and best known method of treating the disease then being treated as taught and practiced by osteopathy, generally, in the State of Missouri, and as taught and practiced by the American School of Osteopathy, at Kirksville, Missouri, for more than thirty years last past and because such treatment and the prescribing of such medicine is not the practice of medicine as defined in article one of chapter 65, of the Revised Statutes of Missouri, for the year 1919, and therefore no offense under such article and chapter of the Revised Statutes of Missouri, has been committed and because under chapter 79 of the Revised Statutes of Missouri, for the year 1919, and amendments thereto, the defendant had the right to prescribe and use the drugs and treatment used by him in treating said Mr. Hickman at the time mentioned in said information."

The State filed a demurrer to the plea in abatement the substance of which is that the facts set out in paragraphs 1 and 2 of the plea in abatement constitute no defense in the case.

It appears that the plea in abatement and the demurrer were submitted to the court without hearing evidence upon the plea in abatement and without any proof other than the affidavit thereto. The court overruled the demurrer and sustained the plea in abatement according to the recital of the record furnished. This is all the information offered as to the order or judgment of the court. Thereafter in due time the State filed a motion for new trial in which it moved the court to set aside the "judgment" in the case and grant a new trial because "(1) the court erred in overruling the State's demurrer to the defendant's plea in abatement. (2) The court erred in sustaining the defendant's plea in abatement in this, namely:" Then follow several paragraphs in all of which it is alleged in substance that the matters set forth in the plea in abatement are not material or relevant to the issues in this case. And it is further alleged in said motion that the demurrer did not admit the truth of the allegations of the plea in abatement because such allegations were immaterial and irrelevant. The motion for new trial was over-

ruled and upon timely application and affidavit filed in behalf of the State the trial court granted an appeal to this court.

The attorney-general and an assistant attorney-general join the prosecuting attorney in a brief presenting numerous points and authorities upon which consideration is sought in this appeal, and from which may be gained, no doubt, much of value and learning pertinent to the historical development and the effect of the present statutes relative to the practice of medicine and the practice of osteopathy, the alleged unlawful encroachment or overlapping in the practice of one science or system on that of the other, and various other germane topics giving rise to the *casus belli* heretofore existing and still persisting between the allopaths and the osteopaths.

We would be inclined to aid, if we could, in a solution of legal questions which seem to vex the interests of the two schools, but have arrived at the conclusion that we are precluded from a review of the questions sought to be presented because of the lack of jurisdiction of this court to entertain the appeal. That which has been often said about the non-existence of the right of appeal at common law and that no appeal is allowed in any case unless expressly provided by statute, applies with peculiar fitness to an appeal by the State in a criminal prosecution. Unless we can find that such right is *specifically* granted to the State no appeal is permissible.

Appellant contends that section 4099, Revised Statutes 1919, as amended (Laws 1925, page 199), confers such right under the facts and circumstances in this case. Section 4098, Revised Statutes 1919, which is now section 3752, Revised Statutes 1929, provides:

"The State, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in the next succeeding section."

The next succeeding section referred to is the one relied upon by appellant, and as amended in 1925, section 3753, Revised Statutes 1929, provides:

"When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, the court in·which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment or information, or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal."

In the case of State v. Carson, 18 S. W. (2d) 457, the Supreme court had under consideration an appeal by the State. The contention of respondent in that case was that an appeal did not lie because

there was no final judgment in favor of defendant. The chief discussion in the opinion is devoted to this subject. Defendant had been convicted and filed his motion for a new trial in which the information was attacked. The trial court sustained. the motion for new trial on the ground that the information was insufficient. The prosecuting attorney appealed on behalf of the State. The opinion holds that the appeal was permissible under section 4099, Revised Statutes 1919, because the information was adjudged insufficient on an *exception* presented in the motion for new trial. In the discussion the court makes use of this language, page 460:

"It is evident that the Legislature in 1925,· in amending section 4099 by including the words "or exception," had in mind to extend the scope of the statute."

The question decided is that an appeal may be granted in the discretion of the trial court "when any indictment or information is adjudged insufficient upon demurrer or exception," and that in the case before the court the information had been adjudged insufficient on an *exception* presented in the motion for new trial. Appellant relies upon the foregoing section of the statute and the Carson case, and cites no other authority to sustain its right of appeal. The reason for the result in the Carson case is obvious, and it is likewise plain that no reference is made to the question of the right of appeal when defendant's plea in abatement is sustained other than to cite cases which hold that an appeal by the State is not permissible when the trial court sustains a plea in abatement. It matters not that the Legislature "had in mind to extend the scope of the statute" by the addition of the words "or exception" and that the scope of the statute was in fact thereby extended to include the right of appeal in a case where the information is "adjudged" insufficient upon an exception to its sufficiency. The meaning of the word "exception" in legal parlance, and as that term is understood, applied, and used in legal practice, cannot be said to expressly include a plea in abatement, the function of which is to bring to the attention of the court matters extraneous to the record.

Prior to the amendment of section 4099, Revised Statutes 1919, there had been many cases, both in the Courts of Appeal and in the Supreme Court, in which the question had been squarely presented and decided that no right of appeal existed on behalf of the State from an order or judgment of the trial court sustaining a sufficient plea in abatement. Some of the cases are: State v. Craig, 223 Mo. 201, 122 S. W. 1006; State v. Firey, 223 Mo. 194, 122 S. W. 1007; State v. Heisserer, 83 Mo. 692; State v. Bright, 263 S. W. 559; State v. Donahue, 124 S. W. 42; State v. Lawson, 143 Mo. App. 696; State v. Rowe, 22 Mo. 328. Such was the adjudged effect of the statute when the Legislature in 1925 amended section

4099, Revised Statutes 1919. No mention is made in the section as amended of anything which would extend the right of appeal to a case where a plea in abatement is sustained, and where the courts had said that no such right existed. If it had been the purpose and intent of the Legislature to provide for an appeal in behalf of the State from an order or judgment upon a plea in abatement it is apparent that it would have said so in plain words, and in failing to so state we must conclude that the Legislature was satisfied with the law as declared in the foregoing cases and did not intend to provide for an appeal from the ruling on a plea in abatement. We cannot expand the statute beyond the plain meaning of the words used, and they do not in any manner even imply, not to say expressly state, any intention to permit the appeal which is prosecuted in this case. If there is any authority for such an appeal it must be derived from a *strict construction* of the section of the statute allowing appeals. [State v. Clipper, 142 Mo. 474, 476.] Reverting to that section we find that the appeal is permitted only "when any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside." In the instant case it is patent that the information was not adjudged insufficient upon demurrer or exception. No judgment thereon was arrested or set aside. No one of the three things occurred which would give rise to the expressed right of appeal. Primarily the matter adjudged was the sufficiency of the facts stated in the plea to abate the proceeding. Plainly the office of a plea in abatement differs from that of a demurrer or exception to the sufficiency of the information. The substance of the plea in abatement has been set forth fully in order that its true character may appear. It brought to the attention of the court matters *dehors* the record and challenged the judgment of the court upon the truth of such matters and their sufficiency to stay prosecution. There is no objection to the right of defendant to so plead the facts. The contention of the State, as shown by the demurrer to the plea, is that the facts so stated constitute no defense. No question is raised by the State as to the regularity of the procedure on the plea, but it appears to concede the propriety of the procedure adopted by defendant and followed by the court. It is usual to hear evidence of the facts set forth in a plea in abatement, and no such plea will be entertained unless the facts therein alleged be proved by affidavit or some other evidence. [Section 3959, Revised Statutes 1919; Section 3616, Revised Statutes 1929.] The State was content to have the plea in abatement presented upon its verification alone and elected to demur to the plea. Whether the demurrer admitted the relevant facts stated is not before us for decision inasmuch as we do not take cog-

nizance of the appeal. The Springfield Court of Appeals has ruled the question in State v. Carlstrom, 28 S. W. (2d) 691.

We are clearly of the opinion and hold that under the terms of the statute allowing appeals on behalf of the State, and in view of the adjudicated cases declaring the law upon the subject, the State has no right of appeal from the ruling and judgment of the trial court in this case. The appeal should be dismissed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the court. The appeal is dismissed. All concur, except *Trimble, P. J.,* absent.