STATE of Missouri, Appellant,

v.

Lester ULMER, Respondent.

STATE of Missouri, Appellant,

v.

Verne WILDER, Respondent.

STATE of Missouri, Appellant,

v.

Harry HUNT, Respondent.

STATE of Missouri, Appellant,

v.

Guy ENGLISH, Respondent.

Nos. 48638–48641.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Thomas F. Eagleton, Atty. Gen., Fred E. Schoenlaub, Sp. Asst. Atty. Gen., for appellant.

Roy Coyne, Joplin, for respondents, Verne Wilder, Harry Hunt and Guy English.

A. L. Shortridge, Joplin, for respondent, Lester Ulmer.

COIL, Commissioner.

The four above-styled cases have been consolidated on appeal. The facts and the decisive question in each are the same. We shall write this opinion as though there was one case involving one defendant.

On January 10, 1960, an indictment was returned charging defendant with setting up and keeping a gambling table for the purpose of operating a dice game. On April 22, 1960, the trial court sustained defendant's motion to quash that indictment and ordered defendant's discharge. On June 20, 1960, an information was filed denominated in the record as "in lieu of indictment" against the same defendant purporting to charge him with the same offense as that charged in the prior indictment. Defendant moved to dismiss and quash that information on these grounds: (1) that it did not state an offense under the laws of this state; (2) that it could not be a substitute for a prior indictment because not filed before the expiration of the term of court at which the prior indictment had been quashed; and (3) that there had been no preliminary hearing upon the charge purportedly set forth in the information and, consequently, the information was invalid and the trial court had no jurisdiction to proceed with the trial.

At a hearing on the motion, the prosecuting attorney stipulated that the defendant had never had a preliminary hearing before a magistrate on the charge set forth in the information. The trial court took judicial notice of the commencement and the end of the terms of the Circuit Court of Jasper County and judicial notice of its own docket sheet.

It was the position of the prosecuting attorney that the information, filed June 20, 1960, was one filed in lieu of the original indictment ·and, consequently, that no preliminary hearing was necessary prior to the filing of the information.

It appears upon the record before us that on November 23, 1960, the trial court filed a memorandum opinion in which it held that the information in question was sufficient in that as amended it sufficiently charged an offense, but that the court was without jurisdiction to proceed with the trial because it appeared that the information was not timely filed in that it was filed after the end of the term at which the preceding indictment had been quashed and, consequently, the judgment of discharge in that case had become final and no valid information "in lieu of indict-. ment" thereafter could have been filed; and further, that the information considered as an original one, i. e., not in lieu of an indictment, was invalid because no preliminary hearing had been accorded the defendant. The trial court's conclusion was that it had no jurisdiction to proceed with the case and ordered and adjudged that the "information filed in lieu of indictment" be quashed, that the cause be dismissed, and that the defendant be discharged and "go hence hereof without day and recover his costs herein expended."

The state purported to appeal from that judgment and has filed a brief here on the merits, contending that the expiration of the term in which an indictment is quashed does not deprive the circuit court of jurisdiction over the felony charged or of the person named once a new information or indictment has been filed; and that the purpose of a preliminary hearing is served by the return of an indictment after which the prosecuting attorney may file an information charging the same felony as that charged in the indictment.

The respondent contends first that this court is without jurisdiction to review this case on the merits because the state could not appeal from the judgment entered. While we do not have the views of the state with respect to respondent's contention, we, nevertheless, are of the view that it must be sustained.

Supreme Court Rule 28.04, V.A.M.R., provides:

"The state shall be entitled to take an appeal in the following cases and in no others:

"(a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient;

"(b) when a judgment is arrested or set aside."

Section 547.210 RSMo 1959 and V.A. M.S., which Rule 28.04 was intended to supplant, is: "When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment or information, or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal."

In State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782, 784 [3], the court quoted with approval from the case of State v. Craig, 223 Mo. 201, 202, 122 S.W. 1006, as follows: "As a general rule, the State has no right to a writ of error or appeal in a criminal prosecution from a judgment in favor of a defendant whether upon a verdict of acquittal or upon the determination by the court of a question of law; unless it be expressly conferred by statute in the plainest and most unequivocal terms. 12 Cyc., p. 804; State v. Wear, 145 Mo. 162, 46 S.W. 1099."

It seems apparent that the trial court in this case did not adjudge the information insufficient and, of course, no judgment was arrested or set aside. On the contrary, the trial court specifically ruled the information sufficient; the order quashing the information and dismissing the case and discharging the defendant was based upon the determination by the court of questions of law, viz., that the information in question properly could not have been filed as an information in lieu of indictment because filed after the end of the term at which the indictment it sought to replace was quashed, and that the information, unless one in lieu of an indictment, was invalid because no preliminary hearing had been accorded the defendant.

In State v. Beagles, 174 Mo. 624, 74 S.W. 851, at page 852, the court, in quashing and dismissing a writ of error sued out in behalf of the state, said: "But we think it is clear the circuit court did not pass upon the sufficiency of the information, but ruled simply that the first information and the one on which the defendant had been put on trial had been quashed by the filing of a new information. We think it is obvious, in view of the exclusive language of sections 2708, 2709, 2711, Rev. St.1899, that neither an appeal nor writ of error lies from the ruling of the circuit court on the question raised; and, as our jurisdiction is appellate only, it follows that we are forbidden to review the action of the circuit court, and the writ of error is therefore quashed and dismissed."

■ The appeal by the state in this instance was not authorized either by Supreme Court Rule 28.04, supra, or Section 547.210, supra, because the judgment appealed from is not an adjudication that an indictment or information was insufficient and no judgment was arrested or set aside. It seems clear that the insufficiency of the information referred to by the legislature in Section 547.210 and restated in Rule 28.04 refers to the "insufficiency of accusa-

tion" contained in an indictment or information and does not mean an "insufficiency" implied, if at all, solely by reason of the fact that an information or indictment has been quashed or dismissed. See again State v. Pottinger, supra; and see State v. Hunter, Mo.App., 198 S.W.2d 544, 546 [4], 547 [5]; State v. Reisman, 225 Mo.App. 637, 37 S.W.2d 675, 677 [3]; State v. Clipper, 142 Mo. 474, 44 S.W. 264; State v. Bollinger, 69 Mo. 577, 580.

It follows that we are without jurisdiction to review the action of the trial court, and the appeal in each of the four above-styled cases is hereby dismissed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.