**STATE of Missouri, Appellant,**

v.

**Joseph A. PEROU, Respondent.**

**Nos. 53438–53441, 53443–53458.**

Supreme Court of Missouri, Division No. 1.

June 10, 1968.

**562**

Norman H. Anderson, Atty. Gen., Jefferson City, Claude W. McElwee, Jr., Sp. Asst. Atty. Gen., St. Louis, for appellant.

William W. Van Matre, Van Matre & Van Matre, Mexico, for respondent.

HIGGINS, Commissioner.

Respondent, as "agent, servant, employee and administrator of the Callaway Memorial Hospital," was indicted by a grand jury on twenty separate felony charges of forgery of note or tendering of forged note. The indictments also alleged the charged acts to constitute corruption in office. Each indictment was attacked by Motion to Dismiss on the grounds:

1. The offense charged was barred by the 3-year statute of limitations; that alleging such acts to have been committed by defendant as hospital administrator did not constitute corruption in office to make the 5-year statute of limitations applicable; and

2. The indictments failed to charge defendant with any offense.

The trial court sustained all such motions without specifying any ground for the ruling.

The dispositive question is whether the state is entitled to appeal in these cases since the state has a right of appeal in a criminal case only in those situations for which specific authority is granted. State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782; State v. Craig, 223 Mo. 201, 122 S.W. 1006; State v. Ulmer, Mo., 351 S.W.2d 7. Such provisions are found in Sections 547.200 and 547.210, V.A.M.S., and, as stated, Criminal Rule 28.04, V.A.M.R.: "The state shall be entitled to take an appeal in the following cases and in no others: (a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient; (b) when a judgment is arrested or set aside."

These provisions have been construed to mean that "the right of the state to prosecute an appeal is limited to those cases where the indictment has been adjudged to be insufficient either on motion to quash, or demurrer, or motion in arrest of judgment because of defective indictment," State v. Pottinger, supra, 287 S.W. l. c. 785; and "the insufficiency of the information referred to by the legislature in Section 547.210 and restated in Rule 28.04 refers to the 'insufficiency of accusation' contained in an indictment or information and does not mean an 'insufficiency' implied, if at all, solely by reason of the fact that an information or indictment has been quashed or dismissed." State v. Ulmer, supra, 351 S.W.2d l. c. 10 [2].

The state contends that the dismissals were improper because the indictments are sufficient to charge forgery and tendering forged notes, and "further state sufficient facts to charge Respondent with corruption in office and thus make applicable to him the five year Statute of Limitations." (It is not contended that a judgment has been arrested or set aside.)

This contention cannot be sustained. The motions did not submit an attack solely on the sufficiency of the indictments to charge forgery of note, tendering forged note, or corruption in office. Also submitted was the bar of the 3-year statute of limitations, and since the court did not specify the ground for the ruling, it can only be assumed that both grounds were considered, Jones v. Watson-Wilson Transportation System, Inc., Mo., 386 S.W.2d 13, 15–16.

The effect of the court's order of dismissal upon the first ground, i. e., the bar

of the 3-year statute, is a discharge on the merits and a bar to further prosecution on an unappealable ground under the authorities. State v. Brooks, Mo., 372 S.W.2d 83, 85–86 [2]; State v. Ulmer, supra, 351 S.W.2d 1. c. 10 [1]. In this posture, even if the state's appeals were found meritorious on the sufficiency of the indictments to accuse, the bar to prosecution found by the court to exist by virtue of the statute of limitations renders that matter immaterial. Thayer v. Sommer, Mo., 356 S.W.2d 72, 76 [1].

Appeals dismissed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.