STATE of Missouri, Plaintiff-Appellant,

v.

**LITTLE RIVER DRAINAGE DISTRICT,**
Defendant-Respondent.

Nos. 34704, 34705.

Missouri Court of Appeals,
St. Louis District.

Jan. 9, 1973.

Motions for Rehearing or for Transfer to
Supreme Court Denied Feb. 12, 1973.

A. J. Seier, Pros. Atty., W. Robert Cope, Asst. Pros. Atty., Cape Girardeau, for plaintiff-appellant.

Bock & Jones, Harry H. Bock, New Madrid, for defendant-respondent.

KELLY, Judge.

This appeal is from a judgment of the Circuit Court of Cape Girardeau County, Missouri, sustaining defendant-respondent's motion to quash or in the alternative to dismiss two informations charging it with the offense of placing a deleterious substance in the waters of the Little River Drainage "ditch" in sufficient quantities to injure, stupefy and kill fish inhabiting such waters in violation of Section 252.210 V. A.M.S. Both misdemeanors allegedly occurred on or about May 24th, 1971. On appeal the two causes were consolidated because they present the same issues for review. The defendant, as the Little River Drainage District shall hereinafter be denominated, has filed a motion in this court to dismiss the appeal contending that appeal is not available to the State, as the plaintiff-appellant hereinafter shall be called, and the motion was ordered taken with the case. We shall consider that motion of the defendant at this time.

Defendant takes the position that the State's right of appeal in a criminal case is limited to those instances authorized by Rule 28.04 V.A.M.R., and is not permitted from a judgment dismissing the cause on the merits. The State, on the other hand, does not quarrel with defendant's basic premise, but takes the position that the judgment of the trial court in this case is not a dismissal of the cause on its merits but is a dismissal on the grounds that the information was insufficient and therefore an appeal from such order and judgment is available to it by Rule 28.04(a) V.A.M.R.

■ The State may appeal in criminal cases in those instances enumerated in Section 547.210 V.A.M.S., and *in no others.* Section 547.200 V.A.M.S. There are two instances when the State may appeal in a criminal case: 1. When any indictment or information is adjudged insufficient upon demurrer or exception; or 2. where judgment therein is arrested or set aside. Section 547.210 V.A.M.S. The Supreme Court in adopting its Rules of Criminal Proce-

dure incorporated these two statutes into a single Rule—Rule 28.04 V.A.M.R. We are here concerned only with whether or not the first grounds authorizing the State to take an appeal in criminal cases is applicable here. We hold it is not.

■ The defendant filed in the trial court a "motion to quash or in the alternative to dismiss." The State points out that the motion to quash was abolished by Rule 25.05 V.A.M.R. and all such motions are treated as a motion to dismiss. It has been so held in State v. Crouch, Mo., 353 S.W. 2d 597, and we shall treat it as such here. Defendant's motion to dismiss was directed to whether or not the statute upon which the charges were drawn, to-wit Section 252.210 V.A.M.S., applies to it because it contends in its motion that since it is a political subdivision of the State of Missouri created for the purpose of performing prescribed governmental functions it is 1) legally incapable of committing a crime under the laws of the State of Missouri, 2) immune to criminal liability, 3) not liable criminally for any criminal acts of its agents or employees, and 4) not included within those enumerated legal entities subject to the Fish & Game Code of the State of Missouri. It is this motion that the trial court sustained, dismissing the cause and taxing the costs against the plaintiff —the State.

■ The term "insufficiency of information" as used in Section 547.210 V.A.M. S. and Rule 28.04 V.A.M.R. has been construed by the courts of this State, and a distinction has been made between the dismissal of an indictment or information for "insufficiency of accusation" and dismissal on other grounds not appearing within the four corners of the indictment or information itself.

In State v. Ulmer, Mo., 351 S.W.2d 7, the court stated that the term "insufficiency of information" as used in the statute and Rule refers to "insufficiency of accusation." 351 S.W.2d 10. In Ulmer the informations were quashed because the trial

court found that they were untimely filed and the defendants were not afforded a preliminary hearing. There was no attack on the informations on the ground they failed to state a cause of action—or the "sufficiency of the accusation"—and the appeals were dismissed because they were held not to fall within the specified grounds for the State to perfect an appeal.

In State v. Perou, Mo., 428 S.W.2d 561, cited by the defendant, indictments charging the defendants with corruption in office were challenged by motions to dismiss on the grounds that they did not charge the defendants with any offense and the three year statute of limitations applicable to the offense charged had run. The motions were sustained without the court stating the grounds on which it based its ruling. The Supreme Court stated that it must be assumed that both grounds were considered, and that the effect of the dismissal by reason of the bar of the three year statute of limitations rendered the trial court's determination non-appealable. The bar of the statute of limitations did not go to the "sufficiency of the indictment." 428 S.W.2d 562–563.

The State relies on State v. Terrell, Mo., 303 S.W.2d 26, as authority for its right to appeal. In Terrell the defendant was charged with a violation of the Wildlife Code and filed a motion to quash on the grounds that the section of the Wildlife Code under which he was charged was unconstitutional and the information failed to state an offense. The motion was sustained without the court specifying the grounds for its ruling and the Supreme Court there held that the State did have a right of appeal. The court, p. 27, said: "The court's reason for quashing the information is not made to appear, the reasons assigned in the motion were that it failed to state an offense and that the particular section of the Wildlife Code is unconstitutional. But whatever the reason, the court 'upon motion * * * adjudged' the information 'insufficient' and

the state was entitled to and has properly perfected its appeal." For reasons hereinafter more fully stated we hold that Terrell is not controlling here.

A careful reading of the motion before the trial court demonstrates that nowhere does the defendant attack the "sufficiency of the accusation." Its attack is directed to the applicability of the statute on the grounds it subjects a governmental agency to a conviction under the provisions of Section 252.210 V.A.M.S. This motion is directed to a matter of law, not of fact, and is not based upon the pleadings but on matters de hors the information itself.

In State v. Bollinger, 69 Mo. 577, a prosecution for murder in the first degree, the defendant, after entering a plea of guilty to a charge of murder in the second degree was brought in for sentencing and the court inquired whether he knew of any legal cause why judgment should not be pronounced against him according to law. The defendant replied that at the time of the alleged commission of the crime charged in the indictment he was a slave, that the deceased was also at this time a slave, and for that reason he was not amenable to the laws for the punishment of free white persons. The court imposed sentence on his plea and ordered him confined to the penitentiary for a period of ten years. The defendant thereupon moved to arrest the judgment on the same grounds, to-wit, that he was not amenable to the laws applicable to free white men because under the laws in force at the time of the commission of the alleged offense a slave was not punishable by imprisonment in the penitentiary for the commission of a felony. The court sustained his motion and the defendant was allowed to go without imprisonment. The State took an appeal from the action of the court, and the Supreme Court in considering the question whether the State could prosecute an appeal in those circumstances said, 69 Mo. 579–580:

"The first question which the record before us presents is, whether the state can

prosecute an appeal under the circumstances disclosed upon the face of it. * * * * * We think it clear that under the above sections the right to prosecute an appeal is limited to those cases where the indictment has been adjudged insufficient either on motion to quash, on demurrer, or motion in arrest of judgment because of defective indictment. It does not appear nor is it claimed that the indictment on which the state asks a judgment is insufficient either in form or substance, but on the contrary its sufficiency to support a judgment is admitted. The insufficiency of it is not alleged as a ground for arresting the judgment, but the reason alleged is that, admitting that it properly charges defendant with the crime of murder, defendant 'being a slave and the said Jack Matthews alleged to have been killed being also a slave, said alleged act of defendant was not punishable under the laws in force at the time of the alleged commission of the offense, and that a slave under the laws in force at the time of the alleged commission of the offense was not punishable by imprisonment in the penitentiary.' The judgment of the trial court was that these reasons were sufficient to authorize the judgment to be set aside and the entry of judgment discharging defendant. From the action of the court in that respect the state cannot appeal any more than it could if on the trial of the cause the court had given wrong instruction or instructed the jury that under the evidence they should acquit the defendant. Although such instructions might be erroneous and ultimate in the discharge of a criminal, no appeal could be taken by the state because the law so declares."[1]

And in State v. Brooks, Mo., 372 S.W.2d 83 the defendant was charged in an infor-

mation with the offense of burglary and stealing. He moved to dismiss the information and to discharge the defendant for the reasons:

"that the information failed to charge a criminal offense in that the building and personal property in question were specifically alleged to be the property of the Paul Harris estate, that defendant was a lawful heir or devisee of Harris, and that he was lawfully entitled to enter said premises and take the said personal property into his possession." 372 S.W. 2d 84.

The court in deciding whether or not the state had a right to appeal from the order of the trial court sustaining defendant's motion aforesaid said:

"In construing these sections of the statutes (and where appropriate, the Rule) our courts have consistently held that the only cases in which the State is thus permitted to appeal are those in which the indictment or information has been adjudged insufficient because of defect or insufficiencies in the indictment or information itself; and an appeal is not permitted where an indictment or information has been adjudged insufficient because of matters 'de-hors the record' and which do not appear in such indictment or information." 372 S.W.2d 85.

The court then proceeded to hold that the insufficiency of the information referred to by the legislature in the statute, and restated in Rule 28.04 V.A.M.R., refers to the "insufficiency of the accusation" contained in an indictment or information and does not mean an "insufficiency" implied, if at all, solely by reason of the fact that the information or indictment has been quashed or dismissed. 372 S.W.2d 85.

In this present case the trial court sustained the defendant's motion without spec-

---

1. The sections of the statutes under construction were 13 and 14 Wag.Stat. 1114, whose provisions are the same as Section 547.200 V.A.M.S., Section 547.210 V.A. M.S. and Rule 28.04 V.A.M.R.

ifying the reasons for its action; however, nowhere in defendant's motion is there any reference to the sufficiency of the information, i. e. "the suffiency of accusation." We must conclude that the trial court considered all of the grounds set out in the motion in making its ruling. For the purpose of this decision it is immaterial whether the trial court was right or wrong on the merits; we have no jurisdiction to review his action by appeal.

■ The state further contends that a prior ruling by another circuit judge denying a motion to dismiss raising essentially the same grounds as those subsequently raised after a change of judge was granted and from whose order this appeal is taken, constituted res adjudicata. The State relies on State ex rel. Mueller Furnace Co. v. Buckner, 207 Mo.App. 48, 229 S.W. 392. However, at p. 393 of that opinion the court says:

"The doctrine of res adjudicata is applicable to an order disposing of some motions * * *, but is not applicable generally to motions in the course of practice except perhaps as to any other application on the same state of facts for a similar order * * *. However, whether a motion in a given case may be regarded as res adjudicata or otherwise, the first decision upon the same is considered conclusive and is a bar to a similar maintenance of substantially the same motion upon substantially similar facts and may not be renewed before either the same or a different judge, *unless leave of court is first obtained to present the same matter again.*" (Emphasis supplied.)

The transcript of the record in this case fails to show that leave of court was either requested or granted when the motion was filed before the Special Judge transferred in by order of the Supreme Court upon disqualification of the prior judge; however, the Special Judge proceeded to hear the motion and rule on it and the record fails to show that there was any objection at the time the motion was filed, presented and argued before the Special Judge by the State to such proceedings on this or any other grounds.

Defendant's attack on the informations is one of lack of jurisdiction of the trial court, a matter which might be raised at any time, even in this Court for the first time. We find no merit in the contention that the prior ruling of the original judge constitutes res adjudicata in this cause.

In view of this ruling we need not consider the other points raised by the State and the defendant's motion to dismiss the appeal in both of these causes is sustained and said appeals are hereby dismissed.

SMITH, J., concurs in separate concurring opinion.

SIMEONE, J., concurs in separate concurring opinion of SMITH, J.

SMITH, Judge (concurring).

I concur because I believe the authorities cited in the court's opinion compel the result reached. I write this concurring opinion because I disagree with those decisions, and find nothing which compels the conclusion that insufficiency means "insufficiency of accusation." I think it can just as logically mean that the indictment or information is insufficient to charge the defendant with a crime as a matter of law, the case here.

First of all, where the indictment is dismissed before trial, as here, no double jeopardy problems under Missouri Constitution Article 1, Section 19, V.A.M.S., are involved. Secondly, I do not think § 547.-210, RSMo 1969, V.A.M.S., precludes ap-

peal in this case. I find that section somewhat confusing but I believe it authorizes two courses of conduct where an information or indictment is held insufficient. If the indictment or information can be made sufficient, the trial court may cause the defendant to be committed to answer a new indictment or information. Or, the court may allow an appeal, and this is not dependent on whether or not the indictment or information can be amended to overcome the trial court's objections. Unless this is the proper interpretation of that section, the statute reaches the absurd result that where the state can correct the problem and proceed to trial without an appeal it may appeal, but where the only remedy for an erroneous ruling on a motion to dismiss is an appeal the state is precluded from appeal.

Supreme Court Rule 28.04 provides simply that the state is entitled to appeal where the indictment or information is adjudged "insufficient." "Insufficiency" clearly is present where the information or indictment fails to include sufficient facts to allege all of the essential elements of a crime—"insufficiency of accusation." But "insufficiency" is a broad enough term to also include an information or indictment which states all of the essential elements of the crime but fails to charge a crime because the defendant is not amenable to prosecution—the situation here. The interpretation of the word "insufficient" by the appellate courts of the state is that it means "insufficient but capable of being made sufficient." To me that is an unnecessarily narrow construction, unwarranted by Constitution, statute, court rule, necessity or practicality. It should also include, at least, the situation where the trial court on a motion to dismiss concludes that the defendant cannot as a matter of law be prosecuted for the offense charged. See discussion in State v. Burgdoerfer, 107 Mo. 1, 17 S.W. 646, 649–650.