STATE of Missouri, Appellant,

v.

James H. JEWELL, Respondent.

No. WD 32440.

Missouri Court of Appeals,
Western District.

Feb. 16, 1982.

John Ashcroft, Atty. Gen., and John M. Morris, Asst. Atty. Gen., Jefferson City, for appellant.

James K. Journey, Clinton, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

The state appeals from an order of the Circuit Court of Henry County dismissing an information against the respondent, by which he was charged with the felonies of second-degree burglary and stealing, § 560.070, RSMo 1969 (repealed January 1, 1979), and flourishing a deadly weapon, § 564.610, RSMo 1969, transferred to § 571.115, RSMo 1978 (repealed 1981). The offenses were alleged to have been committed on June 19, 1975. The information was filed March 10, 1980.

The order of dismissal recited that "the Court finds that it is without jurisdiction over the defendant by virtue of the running of the Statute of Limitations". The statute of limitation in effect at the time of the alleged offense was § 541.200, RSMo 1969 (repealed January 1, 1979), which fixes a three-year bar to prosecution for the offenses with which the defendant is charged. The attorney general argues that the statute of limitation, § 556.036.2(1), RSMo 1978 (effective January 1, 1979), is the applicable statute. In the view we take of the case, it makes no difference which statute is applicable. Both statutes provide a three-year limitation for the prosecution of the crimes of which the defendant was accused.

The attorney general claims that the statute of limitations was tolled during the

period when defendant was in prison in Indiana and in Kansas, totaling approximately three years between the date of the offenses and the time the information was filed. We do not reach that issue, however, since the resolution of a preliminary matter is dispositive of the appeal.

*State's right of appeal.*

Defendant says the state has no right of appeal from the order of dismissal of the trial court. He cites *State v. Perou*, 428 S.W.2d 561, 562–563 (Mo.1968), where Judge, then Commissioner, Higgins wrote:

> The effect of the court's order of dismissal upon the first ground, i.e., the bar of the 3-year statute is a discharge on the merits and a bar to further prosecution on an unappealable ground under the authorities. *State v. Brooks*, Mo., 372 S.W.2d 83, 85–86[2]; *State v. Ulmer*, 351 S.W.2d[7] l.c. 10[1]. In this posture, even if the state's appeals were found meritorious on the sufficiency of the indictments to accuse, the bar to prosecution found by the court to exist by virtue of the statute of limitations renders that matter immaterial. *Thayer v. Sommer*, Mo., 356 S.W.2d 72, 76[1].

The attorney general, however, says that Supreme Court Rule 30.02 (which is more recent than the *Perou* case) allows the state's appeal by the provision that the state may appeal "when the court determines it is without jurisdiction of the offense charged". We reject this argument. The attorney general's interpretation of the quoted portion of Rule 30.02 would enlarge the right of appeal as it existed when the rule became effective January 1, 1980, and would make it to that extent invalid. The Supreme Court's rule-making power does not extend to changing "the law relating to . . . the right of appeal", Mo.Const., Art. 5, § 5 (amended 1976). The rule therefore does not give the state a right of appeal where none existed before. *State v. LaDriere*, 299 S.W.2d 512 (Mo. banc 1957).

The attorney general then says that "the filing of an indictment or information after the statute of limitations has expired could clearly be deemed an 'insufficiency' in the charge under that statute", thus allowing an appeal by the state under the provisions of § 547.210, RSMo 1978. We disallow this contention, too. The trial court's order was not a dismissal for insufficiency of the information. A dismissal for insufficiency of the information is a dismissal for failure to state an offense and is determined from a reading of the charge itself.

Here the information upon its face was sufficient, for it alleged (as amended) that from July 30, 1975, to July 5, 1976, and from January 15, 1978, to February 5, 1980, that defendant "was not an inhabitant of the State of Missouri", § 541.220, RSMo 1969 (repealed January 1, 1979), now § 556.-036.6, RSMo 1978. It was dismissed, correctly or incorrectly, upon consideration by the trial court of the fact of defendant's imprisonment outside Missouri during the periods mentioned, a matter not appearing within the four corners of the information. *State v. Perou*, supra at 562–563; *State v. Little River Drainage Dist.*, 490 S.W.2d 675, 676–677 (Mo.App.1973).

The appeal is dismissed.

All concur.