**STATE of Missouri, Appellant,**

v.

**Elaine WILLEY, Respondent.**

No. 44850.

Missouri Court of Appeals, Eastern District, Division Three.

May 25, 1982.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Steven E. Raymond, Pros. Atty., Shelbyville, for appellant.

Bollow, Wallace & McConnell, Daniel Bollow, Shelbina, for respondent.

CRANDALL, Judge.

The State of Missouri appeals from the judgment of the trial court dismissing the charge of endangering the welfare of a child, § 568.050,[1] for failure to comply with the time limitations of § 556.036. The appeal is dismissed.[2]

The information, which was filed on April 23, 1981, reads as follows:

The Prosecuting Attorney of the County of Shelby, State of Missouri, charges that the defendant, in violation of Section 568.050, RSMo, committed the class A misdemeanor of endangering the welfare of a child, punishable upon conviction under Sections 558.011.1(5) and 560.016, RSMo, in that between January, 1976, and April 22, 1979, in the County of Shelby, State of Missouri, the defendant, being a parent legally charged with the care and custody of [R. W.] a child less than seventeen (17) years old, recklessly failed and refused to exercise reasonable diligence in the care and control of such child to prevent such child from coming within the provisions of subdivision 1(3) of Section 211.031, RSMo, such conduct of such child consisting of this: during said

1.  All statutory references are to RSMo 1978.

2.  Respondent has filed a motion to dismiss this appeal. Because it raises issues that are not dispositive of this case, *that* motion is overruled.

time period said child assaulted, by virtue of kicking, striking, punching and slugging [several enumerated children].

The prosecution for any misdemeanor must be commenced within one year of the acts giving rise to the offense. § 556.036.2(2).

Appellant argues that this case falls within the exception of § 556.036.3(1)[3] because of an implicit fiduciary relationship arising out of the parent-child relationship between respondent and her child R. W.[4] We do not reach that issue, however, since the resolution of a preliminary matter is dispositive of the appeal.

■■■ The State has a right to appeal in a criminal case only in those situations for which specific authority is granted. *State v. Perou*, 428 S.W.2d 561, 562 (Mo.1968). Rule 30.02 provides that

> [t]he state may appeal only when, prior to verdict, it is determined that an indictment or information is insufficient, or when the judgment is arrested or set aside because the facts stated in the indictment or information do not constitute an offense, or when the court determines that it is without jurisdiction of the offense charged.

The trial court's order was not a dismissal for the insufficiency of the information. A dismissal for insufficiency of the information is a dismissal for failure to state an offense and is determined from a reading of the charge itself. *State v. Jewell*, 628 S.W.2d 946, 947 (Mo.App.1982). The effect of the trial court's order of dismissal is a discharge on the merits and a bar to further

**3.** 3. If the period prescribed in subsection 2 has expired, a prosecution may nevertheless be commenced for:
(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this provision extend the period of limitation by more than three years
. . . .

**4.** We note that a confidential relationship is generally synonymous with a fiduciary relationship. A confidential relationship is not

prosecution on an unappealable ground. *Perou*, 428 S.W.2d at 563; *Jewell*, 628 S.W.2d at 947.

The appeal is dismissed.[5]

REINHARD, P. J., and SNYDER, J., concur.

proven merely by showing that persons are in ties of blood or family. *Schimmer v. H. W. Freeman Constr. Co.*, 607 S.W.2d 767, 770 (Mo.App.1980); *Gibson v. Gibson*, 534 S.W.2d 100, 104 (Mo.App.1976). Further, a fiduciary relationship arises where special confidence is reposed on one side and resulting influence on the other. The trust reposed, however, is always with respect to *property or business affairs* of the other. *Schimmer*, 607 S.W.2d at 770. This case obviously does not deal with the property or business affairs of the child.

**5.** This issue was not raised by the parties. Since it goes to the jurisdiction of this court to consider the appeal, we raise it sua sponte.