STATE of Missouri, Appellant,

v.

Troy CASARETTO, Respondent.

No. 59523.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for appellant.

Allen I. Harris, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the State of Missouri, appeals an order dismissing an indictment against respondent, Troy Casaretto, for one count of first-degree sexual assault, RSMo § 566.040 (1986), based on the statute of limitations. Respondent was originally charged by indictment with one count of first-degree sexual assault, and one count of incest, RSMo § 568.020 (1986). We reverse and remand for trial.

Respondent, Troy Casaretto, was charged by indictment on July 9, 1990, with first degree sexual assault and incest. The indictment alleged, *inter alia*, that respondent had sexual relations with his niece from January 1, 1988, to May 6, 1990, and that respondent had sexual relations with a fourteen or fifteen year old woman who was not his wife, between August 1, 1985, and December 31, 1985.

On August 21, 1990, respondent filed a motion to dismiss the sexual assault charge on the grounds that Missouri's three-year statute of limitations, RSMo § 556.036.2(1) (1986), had run, leaving the court with no jurisdiction to try the case. The State claimed, however, that Missouri's new ten-year statute of limitations for sex offenses, RSMo § 556.037 (Supp.1989) (enacted 1987), allowed the prosecution. In response to this claim, respondent argued that application of the 1987 statute of limitations provision violated the prohibition against *ex post facto* laws. On November 26, 1990, the trial court sustained respondent's motion, dismissing the case based on the statute of limitations set forth in RSMo § 556.036.2(1). This appeal by the State followed.

In his brief, respondent alleges this court lacks jurisdiction for several reasons. First, he argues, the State filed its appeal out of time without first receiving leave of court. The record shows this assertion to be incorrect. The indictment against respondent was dismissed by the trial court on November 26, 1990. Since no post-trial motions were filed, the judgment became final for purposes of appeal no earlier than December 26, 1990. Rule 29.13. From that date, appellant has ten days to file notice of appeal. Rule 30.01(d). The record shows notice was filed on January 3, 1991, well before the January 5, 1991, deadline. Respondent's assertion is groundless. Point denied.

■ Respondent also asserts that the State has no right of appeal in the instant case. Citing this court to *State v. Perou,* 428 S.W.2d 561 (Mo.1968) and *State v. Jewell,* 628 S.W.2d 946 (Mo.App., W.D.1982), respondent claims that, since the trial court considered matters "dehors the record" when considering the motion to dismiss, the dismissal of the indictment is the equivalent of an acquittal and, therefore, the State cannot appeal. We disagree with respondent's reasoning and agree with appellant.

RSMo § 547.200.2 (1986), provides, in part:

> The State, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 *and in all other criminal cases* except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. (emphasis by the court).

In *State v. Coor,* 740 S.W.2d 350 (Mo.App., S.D.1987), the respondent was charged with 23 counts of failing to pay sales tax, twenty of which were dismissed on statute of limitations grounds. Considering the question of jurisdiction *sua sponte,* the court reasoned that the legislature, having recognized the inadequacy of the State's

right of appeal,[1] passed § 547.200.2 with the intent to remedy those inadequacies. *Coor,* 740 S.W.2d at 354. A new statute must be construed in light of the defect it sought to remedy and the usages, circumstances and conditions existing at the time the change was made. *Id.*

■ We agree with our Southern District colleagues and hold that the language "in all other criminal cases" of RSMo § 547.200.2 is broad enough to include cases where an indictment or information is dismissed on grounds "dehors the record." *Id.* Thus, the State has a right of appeal under § 547.200.2 unless a possible outcome of the appeal could result in double jeopardy for the defendant. RSMo § 547.200.2 (1986). We next address whether double jeopardy is implicated in the present case.

■ Double jeopardy is an issue which is always raised by the State's appeal of a criminal matter. The State is only permitted to appeal where the right is explicitly conferred by statute and where no double jeopardy can result. RSMo § 547.200.2 (1986); *State v. Evans,* 679 S.W.2d 434, 435 (Mo.App., E.D.1984). The United States Supreme Court has rejected the view that trial court reference to matters outside the record on a motion to dismiss automatically results in jeopardy for the defendant. *Serfass v. U.S.,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975). According to the Court's reasoning in *Serfass,* many issues before trial are capable of determination without the trial of the general issue. *Id.* Without risk of a determination of guilt, jeopardy does not attach; therefore, an appeal by the prosecution in this case does not offend federal double jeopardy principles. *Id.*

■ State double jeopardy concerns likewise are not violated. In *Coor,* the court held that, since the court was not trying the question of defendant's guilt, jeopardy did not attach during the pretrial motion hearing. *Coor,* 740 S.W.2d at 355. Even

---

1. For a more thorough discussion of the State's inadequate appeal rights in cases similar to the one at bar, *see* e.g. *State ex rel. McNary v. Stussie,* 518 S.W.2d 630 (Mo. banc 1974); *State ex rel. Martin v. Berrey,* 560 S.W.2d 54 (Mo.App., W.D.1977); *State ex rel. Corcoran v. Buder,* 428 S.W.2d 935 (Mo.App., St.L.Ct.App.1968).

consideration of matters "dehors the record" in the dismissal did not place the defendant in jeopardy, because the question of the defendant's guilt or innocence was not before the court. *Id.*

In the instant case, like *Coor*, the trial court was entertaining a motion to dismiss. At such a hearing, the question of the defendant's guilt or innocence is not in question. Therefore, since the defendant was never placed in jeopardy and the right of appeal is explicitly conferred on the State in RSMo § 547.200.2 (1986), the trial court's dismissal is appealable.

Next, respondent contends Missouri's new ten-year statute of limitations for sex offenses, enacted in 1987, cannot be applied retroactively to his 1985 crimes. We disagree.

■ In Missouri, statutes of limitations are procedural in nature. A procedural law is one which prescribes a method of enforcing rights or obtaining redress for their invasion and does not affect any existing substantive right or its correlated duty. *Stewart v. Sturms*, 784 S.W.2d 257, 261 (Mo.App., E.D. en banc 1989). The distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit. *Wilkes v. Mo. Hwy. and Transp. Com'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Based on these principles, and decisions classifying other procedural rules,[2] we find that RSMo § 556.037 (Supp.1989) is a purely procedural law.

■ Generally, a procedural rule applies to all actions in progress, whether commenced before or after the enactment of the legislation. *Stewart*, 784 S.W.2d at 261. No person may claim a vested right

in any particular mode of procedure for the enforcement or defense of his rights, and where a new law deals only with procedure it applies to all actions including those pending or filed in the future. *Kummer*, 741 S.W.2d at 289. Thus, since RSMo § 556.037 is procedural, and since the new law extended the statute of limitations during the running of the old three-year period, no prejudice results from the extension.

We further note, although Missouri courts have never squarely faced the question of whether a statute of limitations may be applied retroactively, a number of other states have. The majority of those courts agree with our ruling in the instant cause of action.[3]

■ Therefore, in view of the above precedent and analysis, and especially the lack of any contrary intention expressed by the Missouri legislature, we find that RSMo § 556.037 was intended to apply to all actions currently *sub judice*. We find no reason to exempt this law from the general presumption of retroactive application which applies to all procedural statutes.

■ Lastly, respondent contends application of the new ten-year statute of limitations for sexual offenses would violate the United States Constitution prohibition against *ex post facto* laws. We disagree. According to the general rule, a law is prohibited by the *ex post facto* clause of the United States Constitution only if it (a) punishes as a crime an act previously committed, which was not a crime when done, or (b) makes more burdensome the punishment for a crime after its commission, or (c) deprives one charged with a crime of any defense available according to law at the time when the act was committed. *Collins v. Youngblood*, — U.S. ——, 110 S.Ct. 2715, 2724, 111

---

**2.** *See e.g. State v. Clark*, 756 S.W.2d 565 (Mo. App., W.D.1988) (statute disqualifying certain possible witnesses is procedural); *State v. Kummer*, 741 S.W.2d 285 (Mo.App., E.D.1987) (admissibility of blood and chemical analysis evidence is procedural); *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938 (Mo. App., W.D.1982) (civil statute of limitations is procedural).

**3.** *See e.g. State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989); *Commonwealth v. Bargeron*, 402 Mass. 589, 524 N.E.2d 829, 832 (Mass.1988); *State v. Hodgson*, 108 Wash.2d 662, 740 P.2d 848 (1987); *People v. Sample*, 161 Cal.App.3d 1053, 208 Cal.Rptr. 318 (1984); *Commonwealth v. Johnson*, 520 Pa. 165, 553 A.2d 897 (1989); *State v. O'Neill*, 118 Idaho 244, 796 P.2d 121 (1990).

L.Ed.2d 30 (1990). No *ex post facto* violation occurs if a change does not alter substantial personal rights. *State v. Lawhorn*, 762 S.W.2d 820, 824 (Mo. banc 1988). As discussed above, the statute before the court is purely procedural. It offends none of the three prongs of the *ex post facto* test. Although respondent will no doubt contend that § 556.037 runs afoul of provision (c), we point out that the possible "defense" he is asserting was not available to him at the time the act was committed. The procedural bar of the statute of limitations was, in fact, never truly available to respondent, because it was extended before it could lapse in respondent's particular case. We choose not to give every criminal a constitutional right to rely on all procedural rules as they existed at the time of the commission of the offense. Such a ruling is unsupported by caselaw, and would unnecessarily retard efficiency in administering the courts. The provisions of RSMo § 556.037 apply to respondent in the instant case, and permit prosecution for his sexual offense in 1985.

The ruling of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

REINHARD, P.J., and CRANE, J., concur.