**Robert C. LONGHIBLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74628.

Supreme Court of Missouri,
En Banc.

June 30, 1992.

---

6. The "separation of powers" argument, however, apparently was first raised in appellants' brief to this Court.

Alfred J. Rathert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

THOMAS, Judge.

On May 18, 1990, the defendant, Robert C. Longhibler, pled guilty to six counts of child sexual abuse and one count of child physical abuse based upon offenses committed between January 1, 1985, and January 18, 1986. Subsequently, defendant filed for post-conviction relief under Rule 24.035 asserting that the circuit court lacked jurisdiction to prosecute these seven charges because the three-year statute of limitations provided in section 556.036.2(1), RSMo 1986, barred prosecution of these claims. The motion court rejected this argument, holding that the ten-year statute of limitations set forth in section 556.037, RSMo Supp.1991, governed all of the offenses and, therefore, the charges were not time barred.

Defendant appealed the denial of his motion to the Missouri Court of Appeals, Eastern District. The court of appeals determined that the ten-year statute of limitations in section 556.037, enacted in 1987, applied retroactively to the six offenses involving child sexual abuse, but the count charging child physical abuse was governed by section 556.036.2(1), the general statute of limitations, which provides a three-year limitation period. Despite the time bar for prosecution of the physical abuse charge, the court of appeals affirmed the motion court and found that defendant's guilty plea waived any claim that the statute of limitations barred prosecution. The court of appeals then transferred the case to this Court for reexamination of existing law as to whether a defendant in a criminal case can waive the statute of limitations defense.

■ We agree with the court of appeals' determination with respect to the six offenses involving child sexual abuse. Section 556.037 provides a ten-year statute of limitations for prosecution of sexual offenses involving a child. *State v. Casaretto*, 818 S.W.2d 313 (Mo.App.1991), recently addressed defendant's contentions. The *Casaretto* court held that section 556.037 applied retroactively to offenses involving child sexual abuse committed within the three-year period prior to its enactment. In addition, the court held that this application did not violate the prohibition against *ex post facto* laws because the original three-year period had not expired at the time the new ten-year statute of limitations was enacted. Thus, the procedural bar of the statute of limitations was never applicable to movant because the limitations period was extended before it lapsed. *Id.* at 316.

Likewise, section 1.160, RSMo 1986, does not prevent retroactive application of the ten-year statute of limitations. Section 1.160 provides in pertinent part as follows:

No offense committed ... or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected

by the repeal or amendment, but the trial and punishment of all such offenses ... shall be had, in all respects, as if the provision had not been repealed or amended, *except (1) that all such proceedings shall be conducted according to existing laws;* (emphasis added). The ten-year statute of limitations did not affect the underlying substantive offenses, but merely extended the period in which the state could initiate prosecution. Thus, the new statute of limitations constituted "existing law" under which the proceedings had to be conducted. Accordingly, the motion court correctly found that the ten-year limitations period in section 556.037 applied to the unlawful sexual offenses charged in the indictment. However, the general statute of limitations found in section 556.036.2(1), which provides a three-year period in which to prosecute, governs the charge of child physical abuse. Therefore, *the focus of our inquiry rests upon* the charge of child physical abuse.

■ We now turn our attention to the issue upon which the court of appeals transferred the case. Whether the defense of the statute of limitations can be waived depends upon whether the time bar is held to be jurisdictional or an affirmative defense that must be raised at the earliest possible moment. If the bar of the statute of limitations is jurisdictional, it cannot be waived and can be raised at any time. If the statute of limitations is treated as an affirmative defense, it must be raised before final disposition of the case, whether by conviction or plea, or it is waived.

Defendant cites *State v. McKinney,* 768 S.W.2d 178 (Mo.App.1989), for the proposition that the statute of limitations is jurisdictional and therefore, cannot be waived. In *McKinney,* the defendant was allowed to raise the bar of the statute of limitations for the first time on appeal. In reaching this result, the *McKinney* court relied on *State v. Civella,* 364 S.W.2d 624 (Mo.App. 1963). In *Civella,* the defendants were charged with a felony, but, pursuant to a plea agreement, the trial court reduced the charge to a misdemeanor, despite the fact that the misdemeanor would have been time barred. On appeal, the *Civella* court held that the trial court lacked jurisdiction to accept the plea due to the bar of the statute of limitations, which could be raised for the first time on appeal.

The basis for the holding in *Civella,* however, has been abrogated. The *Civella* court relied on *Chaifetz v. United States,* 288 F.2d 133 (D.C.Cir.1960), to reach its conclusion. *Chaifetz* was subsequently overruled by *United States v. Wild,* 551 F.2d 418 (D.C.Cir.1977), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977). The *Wild* case held that the statute of limitations in criminal cases is not jurisdictional, but is "a defense which might eventually bar prosecution, but only if the government could not prove any applicable exception." *Id.* at 422.

The current weight of authority agrees with this holding, allowing the defendant to waive the statute of limitations.[1] The majority of these cases rely on the Supreme Court holding in *Biddinger v. Commissioner of Police,* 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917), wherein the Court stated that the "[s]tatute of [l]imitations is a defense and must be asserted on the trial by the defendant in criminal cases...."

Moreover, in *State v. Leisure,* 796 S.W.2d 875, 879 (Mo. banc 1990), this Court followed the current trend in holding that a criminal defendant could waive the defense of the statute of limitations. At trial, the jury convicted the defendant based on the

---

1. See, *United States v. Wild,* 551 F.2d 418, 422 (D.C.Cir.1977), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977); *United States v. Walsh,* 700 F.2d 846, 855 (2d Cir.1983), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983) *United States v. Karlin,* 785 F.2d 90, 92–93 (3rd Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); ; *United States v. Williams,* 684 F.2d 296, 299 (4th Cir. 1982), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *United States v. Arky,* 938 F.2d 579, 582 (5th Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. Del Percio,* 870 F.2d 1090, 1093–94 (6th Cir.1989); *United States v. Meeker,* 701 F.2d 685, 688 (7th Cir.1983), *cert. denied,* 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. DeTar,* 832 F.2d 1110, 1114 (9th Cir.1987); *United States v. Gallup,* 812 F.2d 1271, 1280 (10th Cir.1987).

instruction of a lesser included offense specifically requested by defendant. On appeal, defendant argued that the conviction was void because the lesser included offense was time barred under the applicable statute of limitations. This Court rejected that argument, finding the defendant waived the bar of the statute of limitations by his request for the instruction. *Id.* Thus, this Court overruled the prior line of cases that held that the statute of limitations was jurisdictional and could not be waived.

Recently, however, in *State ex rel. Morton v. Anderson,* 804 S.W.2d 25, 27 (Mo. banc 1991), this Court cited *McKinney* for the idea that a prosecution that is commenced beyond the statute of limitations is barred. Although the *Anderson* case did not address whether a defendant may waive the defense of the statute of limitations, by citing to *McKinney,* the Court arguably endorsed the holding of *McKinney,* thus creating a potential conflict in the case law. As previously stated, this Court follows the line of reasoning that treats the statute of limitations as an affirmative defense that can be waived by the defendant. Therefore, to the extent *McKinney* and *Civella* are inconsistent with this proposition, they are overruled.

▮ We have determined that the statute of limitations is non-jurisdictional and can be waived. A voluntary plea of guilty waives all non-jurisdictional defects in the proceedings. *Maulhardt v. State,* 789 S.W.2d 835, 837 (Mo.App.1990). In the present case, defendant did not assert the statute of limitations until he filed his post-conviction relief motion in an attempt to set aside the sentence imposed after his plea bargain. Accordingly, the voluntary guilty plea waived the statute of limitations defense. We affirm the motion court's overruling of defendant's post-conviction relief motion.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, BENTON and PRICE, JJ., and BRECKENRIDGE, Special Judge, concur.