STATE of Missouri, Respondent,

v.

Anthony WINGS, Appellant.

Anthony WINGS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61120, 63203.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 9, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 16, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Anthony Wings, appeals from the judgment of conviction, after a jury trial, for receiving stolen property over the value of $150.00. He was sentenced as a prior and persistent offender to imprisonment for nine years. Defendant also appeals from the denial of his Rule 29.15 motion, after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. The evidence, viewed in the light most favorable to the verdict, established that on September 26, 1989, defendant entered a homeless shelter with a box containing caps and a leather briefcase, items which had been stolen from a vehicle earlier that day. Defendant told police that someone gave him the items and that he believed them to be stolen at the time he took possession of them. At trial, defendant presented no evidence. His defense was that he was unaware the property was stolen.

The jury found defendant guilty of receiving stolen property over the value of $150.00. The trial court sentenced him as a prior and persistent offender to imprisonment for nine years. The motion court subsequently denied his Rule 29.15 motion, after an evidentiary hearing.

■ In his first point, defendant claims that the trial court erred in refusing to strike for cause a certain venireperson who stated during voir dire that her deceased husband had worked for the sheriff's office and that her father and brother had been police officers. Defendant argues that the court violated his right to a fair jury in that he had to expend one of his peremptory strikes to eliminate an unqualified venireperson from the venire panel.

The State counters that the appellate court need not address defendant's claim of error, because the language of § 494.480, Vernon's Missouri Legislative Service Letter, Laws of the 87th General Assembly, 1993 First Regular Session, at 1345 (1993) operates to bar defendant's allegation of error. Section 494.-480 governs peremptory challenges and was revised, effective August 28, 1993. The revised statute provides in pertinent part:

The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

The issue is whether the revised § 494.480 is applicable to defendant's appeal, which was pending on the date the statute became effective. Defendant submits that "[g]uaranteeing a criminal defendant the right to a full panel of qualified jurors before peremptory strikes are made is a substantive right in the purest sense" and that the application of the revised portion of § 494.480 to his case is an *ex post facto* law.

■ To establish that a law constitutes an *ex post facto* violation, two elements must be present: (1) the law must be retrospective in its application; and (2) the law must disadvantage defendant. *State v. Pitts,* 852 S.W.2d 405, 406 (Mo.App.E.D.1993). The revision to § 494.480 is retrospective as it is

applied to defendant, because it did not become effective as law until after the crime was committed. Defendant, however, was not disadvantaged by the retrospective application of the revised statute.

 A law disadvantages a defendant if it (1) declares an act to be criminal which was not criminal when committed; (2) aggravates a crime or makes it greater than it was; (3) increases the punishment for a crime; or (4) alters the rules of evidence to allow less or different testimony. *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990); *Pitts,* 852 S.W.2d at 406; *State v. Miller,* 851 S.W.2d 715, 717 (Mo.App. E.D.1993). No *ex post facto* violation occurs if the change in the law does not alter substantial personal rights and is merely procedural in nature. *State v. Casaretto,* 818 S.W.2d 313, 317 (Mo.App.1991). Further, no *ex post facto* violation occurs if the law neither augments the punishment nor changes the ingredients of the offense or the ultimate facts necessary to prove guilt. *Pitts,* 852 S.W.2d at 407; *Miller,* 851 S.W.2d at 717.

 A procedural law is one which prescribes a method of enforcing rights or obtaining redress for their invasion and does not affect any existing substantive right or its correlated duty. *Casaretto,* 818 S.W.2d at 316. Generally, a procedural rule applies to all actions in progress, whether commenced before or after the enactment of the legislation. *Id.* No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights; and where a new law deals only with procedure, it applies to all actions including those pending or filed in the future. *Id.* The revision to § 494.480 is procedural in nature because defendant does not have a constitutional right to conserve his peremptory strikes, in place of expending them to strike members of the venire panel whom he perceives as unqualified.

The revision to § 494.480 is purely procedural. It does not offend the prongs of the *ex post facto* test, as set forth in *Youngblood.* The provisions of § 494.480 therefore apply to the instant action and bar defendant's claim that the trial court refused to strike for cause the challenged venireperson. Defendant's first point is denied.

In his second point, defendant contends that the trial court erred in submitting an instruction patterned on MAI–CR3rd 302.04, which defined "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt." Defendant argues that the instruction lowers the State's burden of proof in a criminal case. The Supreme Court of Missouri rejected this identical argument. *See, e.g., State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987); *see also State v. Ottwell,* 852 S.W.2d 370, 373 (Mo.App.E.D.1993). Defendant's second point is denied.

In his third point, defendant claims that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective in failing to preserve the *Batson* issue after the State used three of its peremptory strikes against black venirepersons. In his fourth point, defendant alleges that the motion court erred in denying his Rule 29.15 motion because counsel failed to object to police officers' testimony regarding inculpatory statements made by him.

We have reviewed the record with regard to both allegations of error. The judgment of the motion court is based on findings of fact that are not clearly erroneous; and no error of law appears. An opinion would have no precedential value. Defendant's third and fourth points are denied. Rule 84.16(b).

The judgment of conviction is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.