STATE of Missouri, Respondent,

v.

Timothy POTTER, Appellant.

Timothy POTTER, Movant,

v.

STATE of Missouri, Respondent.

Nos. 60873, 63077.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 30, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1994.

Application to Transfer Denied
Feb. 22, 1994.

Beth S. Ferguson, Office of the Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant, Timothy Potter, appeals a judgment based on convictions by a jury of first degree robbery, § 569.020 RSMo, armed criminal action, § 571.105 RSMo, and second degree burglary, § 569.170 RSMo, as well as the denial of his Rule 29.15 motion. Judgment and order denying Rule 29.15 motion are affirmed.

Following *voir dire,* defendant moved to have Venireperson Giudici stricken for cause based on her alleged bias against him arising out of her past experience as a victim of burglary as well as her relationships with past and present police officers. The trial court denied this motion, and defendant was forced to use one of his peremptory strikes to remove Ms. Giudici.

After conviction, defendant filed motion pursuant to Supreme Court Rule 29.15 claim-

ing the convictions against him should be vacated or set aside due to several alleged instances of ineffective assistance of counsel at his trial. The motion was denied by the motion court. The appeal of the trial court's judgment and the denial of defendant's Rule 29.15 motion were consolidated.

 Defendant first contends the trial court erred in denying his motion to strike for cause Venireperson Giudici on the basis of her bias against him. The newly revised § 494.480, Vernon's Missouri Legislative Service Letter, Laws of the 87th General Assembly, 1993 First Regular Session, at 1345 (1993) which became effective August 28, 1993 bars this contention. The revised statute provides in pertinent part:

> The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence **unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.** (Emphasis supplied) § 494.480.4 RSMo 1993.

 The use of this revised statute against a defendant tried prior to its effective date does not give rise to *ex post facto* concerns. *State v. Wings,* 867 S.W.2d 607, 609 (Mo.App. E.D.1993). Therefore, defendant's first point is denied.

Defendant next contends the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective in that counsel: 1) failed to object to the state's definition of proof beyond a reasonable doubt during voir dire; 2) failed to endorse one of defendant's witnesses which resulted in the witness not being allowed to testify; and 3) failed to object to a sleeping juror during trial.

We have reviewed the record with regard to all three allegations of error. The judgment of the motion court is based on findings of fact that are not clearly erroneous. No error of law appears. An opinion would have no precedential value. Therefore, defen-

dant's second, third, and fourth points are denied. Rule 84.16(b).

The judgment of the trial court and denial of the defendant's Rule 29.15 motion are affirmed.

GRIMM, P.J., and AHRENS, J., concur.