**STATE of Missouri, Respondent,**

v.

**Marvin COTTON, Appellant.**

**No. ED 91528.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 23, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 2009.

Application for Transfer Denied
Nov. 17, 2009.

since left the court.

1. Judge Dandurand was a member of the court when this case was assigned, but has

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John M. Reeves, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Today we are presented with the question of whether a criminal defendant waives his or her protest regarding the expiration of the statute of limitations by failing to raise the issue in the trial court. We answer in the affirmative. The defendant, Marvin Cotton, appeals from his conviction of forcible rape, forcible sodomy, and kidnapping. The defendant argues that the trial court erred in sentencing him for kidnapping because prosecution for that offense was barred by the statute of limitations and because he did not affirmatively waive the statute-of-limitations defense. But the defendant did not raise the running of the statute of limitations in the trial court. In consequence, we hold that by failing to raise the expiration of the statute of limitations in the trial court, the defendant waived the defense. Accordingly, we affirm the trial court's judgment.

### Factual and Procedural Background

The facts essential to this appeal are simple and straightforward. On June 29, 2007, the State filed an eight-count complaint, charging the defendant with one count of forcible rape, Section 566.030 RSMo (Cum.Supp.1999);[1] one count of forcible sodomy, Section 566.060; one count of first-degree robbery, Section 569.020; one count of class B felonious kidnapping, Section 565.110; and four counts of armed criminal action, Section 571.015. The charges stemmed from an

1. All statutory references are to RSMo (Cum.     Supp.1999) unless otherwise indicated.

incident that had occurred over eight years earlier, on May 16, 1999.[2]

The case proceeded to trial, and the jury found the defendant guilty of forcible rape, forcible sodomy, and kidnapping.[3] The trial court sentenced the defendant, as a prior and persistent offender, to a term of life imprisonment for forcible rape, a consecutive term of twenty-five years' imprisonment for forcible sodomy, and a consecutive term of twenty years' imprisonment for kidnapping. The defendant now appeals, asserting that the trial court erred in sentencing him for kidnapping because the three-year statute-of-limitations period for that offense had run before the State filed its complaint and because he did not affirmatively waive the statute-of-limitations defense.

***Discussion***

■ The Missouri legislature has prescribed certain time limitations for the commencement of criminal prosecutions.

Section 556.036 RSMo (Cum.Supp.2006).[4] The State charged the defendant with committing the class B felony of kidnapping.[5] As a class B felony, kidnapping has a three-year statute of limitations. Section 556.036.2(1). The incident giving rise to the charges in this case occurred on May 16, 1999.[6] Yet the State did not file its complaint charging the defendant with kidnapping until June 29, 2007, over eight years after the incident.[7] The State did not allege a statutory exception to, or a tolling of, the three-year statute-of-limitations period.

■ For many years in Missouri, the statute of limitations in criminal cases was considered as creating a bar to prosecution that deprived the court of jurisdiction. *See, e.g., State v. McKinney*, 768 S.W.2d 178, 180 (Mo.App. E.D.1989); *State v. Civella*, 364 S.W.2d 624 (Mo.App.1963)(both cited cases overruled by *Longhibler v. State*, 832 S.W.2d 908 (Mo. banc 1992)). Accordingly, because it was considered ju-

2. The defendant was incarcerated in March of 2007 when a CODIS database search matched him to DNA evidence collected from the incident in 1999. The State charged the defendant following that match.

3. The State dismissed two of the armed-criminal-action charges, and the trial court granted the defendant's motion for judgment of acquittal as to the remaining armed-criminal-action counts. The jury acquitted the defendant of first-degree robbery.

4. Section 556.036 RSMo (Cum.Supp.2006) reads in pertinent part:
   1. A prosecution for murder, forcible rape, attempted forcible rape, forcible sodomy, attempted forcible sodomy, or any class A felony may be commenced at any time.
   2. Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:
   (1) For any felony, three years;
   (2) For any misdemeanor, one year;
   (3) For any infraction, six months.

5. Section 565.110.2 directs that kidnapping is a class B felony when it is committed to facilitate the commission of a felony, and that is how the State charged the defendant in this case. Specifically, the State charged the defendant with committing the class B felony of kidnapping when he unlawfully removed the victim without her consent from the area in which she was found for the purposes of facilitating the commission of the felony of forcible rape.

6. Section 556.036.4 states:
   An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

7. A prosecution is commenced for a felony when the complaint or indictment is filed. Section 556.036.5 RSMo (Cum.Supp.2006).

risdictional, the bar of the statute of limitations could be raised at any time before or after judgment, including for the first time on appeal; it could not be waived. *McKinney*, 768 S.W.2d at 180; *Longhibler v. State*, 832 S.W.2d 908, 910 (Mo. banc 1992). This is no longer the case. The Missouri Supreme Court, in its *Longhibler* decision, abrogated this long-held view and explicitly ruled that "the statute of limitations is non-jurisdictional and can be waived." *Longhibler*, 832 S.W.2d at 911. In so holding, the Court followed a line of cases treating the statute of limitations in criminal cases as an affirmative defense that can be waived by the defendant. *Id.* As the Court noted, when the statute of limitations is viewed as an affirmative defense, "it must be raised before final disposition of the case whether by conviction or plea, or it is waived." *Id.* at 910.

The defendant acknowledges that he did not raise the running of the statute of limitations at the trial-court level. Nevertheless, he contends there is no waiver here because he did not affirmatively waive the defense. In support of his position, the defendant cites to *Longhibler* and *Leisure*, two decisions wherein our Supreme Court addressed waiver of a statute-of-limitations defense. In the *Longhibler* case, the defendant entered a plea of guilty and then sought post-conviction relief on grounds that the court lacked jurisdiction to prosecute the charges because the statute of limitations had expired. The Court found that the defendant's voluntary plea of guilty in that case waived the non-jurisdictional statute-of-limitations defense. *Longhibler*, 832 S.W.2d at 911. In the *Leisure* case, the jury convicted the defendant based on a lesser-included-offense instruction specifically requested by the defendant. *State v. Leisure*, 796 S.W.2d 875 (Mo. banc 1990). On appeal, the defendant argued that the conviction was void because the lesser-included of-

fense was time-barred under the applicable statute of limitations. The Missouri Supreme Court rejected that argument, finding the defendant waived the bar of the statute of limitations by his request for the instruction. *Id.* at 879.

■ Seeking to distinguish these two decisions, the defendant contends that because he neither pleaded guilty nor sought an instruction on a time-barred lesser-included offense, his situation is distinct from the forms of waiver Missouri courts have thus far recognized. Thus, he argues that he did not waive the statute-of-limitations defense because "there was no affirmative act, no strategic waiver of the statute of limitations." In other words, the defendant essentially contends that a criminal defendant must take some affirmative step to waive the statute-of-limitations defense.

We reject the defendant's argument. As aptly expressed by the State, the burden was on the defendant to affirmatively act to *raise the defense in the first place*, as opposed to affirmatively act to *waive* the defense. Such is the essence of an affirmative defense. Indeed, an "affirmative defense" by definition requires some action by the defendant to raise the defense. The term "affirmative" means "*asserting* the truth of validity of a statement; *asserting* that the fact is so. . . ." Webster's Third New International Dictionary 32 (1966)(emphasis supplied). Correspondingly, an "affirmative defense" is defined as "[i]n pleading, matter *asserted* by defendant which, assuming the complaint to be true, constitutes a defense to it." Black's Law Dictionary 60 (6th edition 1990)(emphasis supplied). Similarly, an affirmative defense is "[a] defendant's *stated* reason why the plaintiff or prosecutor has no valid case." Black's Law Dictio-

nary 430 (7th edition 1999)(emphasis supplied).[8]

Court decisions confirm that a defendant must act to raise the statute-of-limitations defense. As early as 1872, in its *Cook* decision, the United States Supreme Court held that in order to avail himself of the statute-of-limitations defense, a criminal defendant must take some positive action and assert the defense. *United States v. Cook*, 84 U.S. 168, 17 Wall. 168, 21 L.Ed. 538 (1872). In *Cook*, the defendant demurred to his indictment on the ground that the alleged crimes were committed more than two years before the filing of the indictment, and thus prosecution of those crimes was barred by the statute of limitations. The Court held that a demurrer was inappropriate because the statute of limitations is not an element of the offense and therefore, need not be alleged in the indictment; thus, the defendant must raise it as a defense. *Id.* at 178; *see also, United States v. Wild*, 551 F.2d 418, 421 (U.S.App.D.C.1977). The Court found that the defendant had to raise the statute of limitations by special plea in order that the government might have a chance to show that an exception tolling the statute applied to the particular defendant. *Cook*, 84 U.S. at 178; *Wild*, 551 F.2d at 422–23 (discussing the *Cook* decision, noting that in today's terminology, the "special plea" referred to in *Cook* is an affirmative defense). The Supreme Court later reaffirmed this view in its *Biddinger* decision, stating that "[t]he statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases...." *Biddinger v. Commissioner of Police of City of New York*, 245 U.S. 128, 135, 38 S.Ct. 41, 62 L.Ed. 193 (1917).

Further, a host of other court decisions have likewise held that a criminal defendant must raise the statute-of-limitations defense in the trial court, and that failure to do so constitutes waiver of the defense. *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987); *United States v. Karlin*, 785 F.2d 90, 92–3 (3d Cir.1986); *United States v. Walsh*, 700 F.2d 846, 856 (2d Cir.1983); *United States v. Arky*, 938 F.2d 579, 581–82 (5th Cir.1991); *People v. Williams*, 79 Ill.App.3d 806, 35 Ill.Dec. 63, 398 N.E.2d 1013, 1014 (1979); *see also, Askins v. United States*, 251 F.2d 909, 913 (D.C.Cir.1958).

Finally, sound reasoning underlies this requirement. The legislature has provided that certain circumstances toll the limitation period. Section 556.036.6.[9] The legislature has also provided a number of statutory exceptions whereby the State may nevertheless commence prosecution, even

---

8. Certain defenses under Missouri's Criminal Code are defined as "affirmative defenses," such as duress, Section 562.071 RSMo (2000), and justification, Section 563.026 RSMo (2000). When the phrase "affirmative defense" is used in the code, it means:

(1) The defense referred to is not submitted to the trier of fact unless supported by the evidence; and
(2) If the defense is submitted to the trier of fact the defendant has the burden of persuasion that the defense is more probably true than not.

Section 556.056 RSMo (2000). This statutorily-defined "affirmative defense" has a meaning distinct from that here.

9. Section 556.036.6 provides that the period of limitation does not run:

(1) During any time when the accused is absent from the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years; or
(2) During any time when the accused is concealing himself from justice either within or without this state; or
(3) During any time when a prosecution against the accused for the offense is pending in this state; or
(4) During any time when the accused is found to lack mental fitness to proceed pursuant to section 552.020, RSMo.

though the period of limitations has expired. Section 556.036.3.[10] Requiring a criminal defendant to raise the defense in the trial court affords the State an opportunity to respond to the defense, showing that the statute has not run, that it has been tolled, or that an exception applies. The State is not afforded this opportunity if the issue is raised for the first time on appeal.

### Conclusion

The running of the statute of limitations is an affirmative defense. A criminal defendant must raise the defense in the trial court. Failure to do so constitutes waiver of the defense. The defendant here did not raise his limitations defense at trial; by failing to do so, he has waived the defense and is precluded from raising the issue on appeal. Accordingly, we affirm the trial court's judgment.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

10. Section 556.036.3 provides:
If the period prescribed in subsection 2 of this section has expired, a prosecution may nevertheless be commenced for:
(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself or herself not a party to the offense, but in no case shall this provision extend the period of limitation by more than three years. As used in this subdivision, the term "person who has a legal duty to represent an aggrieved party" shall mean the attorney general or the prosecuting or circuit attorney having jurisdiction pursuant to section 407.553,

RSMo, for purposes of offenses committed pursuant to sections 407.511 to 407.556, RSMo; and
(2) Any offense based upon misconduct in office by a public officer or employee at any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this provision extend the period of limitation by more than three years; and
(3) Any offense based upon an intentional and willful fraudulent claim of child support arrearage to a public servant in the performance of his or her duties within one year after discovery of the offense, but in no case shall this provision extend the period of limitation by more than three years.