

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| RICK J. CUSUMANO, | ) | No. ED102810 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 12SL-CC01524 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Mark D. Seigel |
| | ) | |
| Respondent. | ) | Filed: August 2, 2016 |

### OPINION

In February 2010, Rick Cusumano was charged with three felonies for the August 5, 1988 sexual assault of a woman ("Victim") in Chesterfield, Missouri. Count I charged Cusumano with the class A felony of forcible rape based on allegations that Cusumano, while acting with another, knowingly and forcibly had sexual intercourse with Victim without her consent while displaying a deadly weapon in a threatening manner. Count II also charged Cusumano with the class A felony of forcible rape, but while the charging document restated the allegations in Count I, it alternatively charged that if Cusumano did not display a deadly weapon in a threatening manner, then he committed the offense by subjecting Victim to sexual intercourse with more than one person. Last, Count III charged Cusumano with the class A felony of forcible sodomy based on allegations that Cusumano, while acting with another, knowingly and forcibly had deviate sexual intercourse with Victim while displaying a deadly weapon in a threatening manner.

Cusumano was convicted in September 2010, after a jury trial in the Circuit Court of St. Louis County, of one count of the lesser included, unclassified[1] felony of forcible rape, and of one count of the lesser included, unclassified felony of forcible sodomy. The trial court sentenced Cusumano to two concurrent terms of life in prison. Cusumano appealed his convictions in *State v. Cusumano*, 358 S.W.3d 137 (Mo.App.E.D. 2011), and this Court affirmed. Cusumano then filed a Rule 29.15 motion for post-conviction relief. An evidentiary hearing was held, and Cusumano's motion was denied. We now consider his appeal of the motion court's ruling.

Cusumano's primary argument is that the motion court clearly erred in failing to find that trial counsel's unreasonable and erroneous defense strategy—which involved counsel submitting lesser included offense instructions that waived the statute-of-limitations bar to Cusumano's ultimate convictions in this case, solely to support an untenable and largely unintelligible defense theory unsupported by Missouri law—constituted the ineffective assistance of counsel resulting in prejudice to Cusumano. We agree, and we reverse and remand for a new trial.[2]

---

[1] At the time of Victim's sexual assault, forcible rape and forcible sodomy were defined by RSMo §§ 566.030 and 566.060 (1986), respectively, as "unclassified offenses," although each offense could be raised to a class A felony with proof of particular aggravating factors. The label "unclassified" meant that forcible rape and forcible sodomy "carr[ied] their own ranges of imprisonment outside and independent of the punishment established for various classes of crimes in the criminal code." *Toney v. State*, 770 S.W.2d 411, 414 (Mo.App.E.D. 1989).

[2] We note that while this appeal concerns Cusumano's convictions arising out of Counts I and III against him, the jury at his first trial hung on the second count against him of the class A felony of forcible rape. That count was retried in January 2011 and Cusumano was convicted and sentenced to life in prison. His direct appeal in that case was affirmed by this court in *State v. Cusumano*, 399 S.W.3d 909 (Mo.App.E.D. 2013). Thereafter, Cusumano filed a motion for post-conviction relief under Rule 29.15 alleging the ineffective assistance of counsel. That motion was denied, and Cusumano appealed. In our memorandum in *Cusumano v. State*, ED102811, issued contemporaneously herewith, this Court has now affirmed the denial of Cusumano's Rule 29.15 motion in that case.

**Standard of Review**

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Mallow v. State*, 439 S.W.3d 764, 768 (Mo.banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* The movant bears the burden of demonstrating by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo.banc 2009). We presume that the motion court's findings are correct. *Mallow*, 439 S.W.3d at 768.

We apply the two-part *Strickland* test to ineffective-assistance-of-counsel claims for post-conviction relief under Rule 29.15. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Johnson v. State*, 406 S.W.3d 892, 898 (Mo.banc 2013). To be entitled to relief, the movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that reasonably competent counsel would in a similar situation, and (2) that he was prejudiced by that failure. *Id.* at 898-99. We presume that counsel's decisions were part of a reasonable trial strategy, and to overcome this presumption the movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professionally competent assistance and rendered counsel's trial strategy unreasonable. *Id.* at 899. To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

**Discussion**

Throughout Cusumano's trial, counsel pursued a defense strategy founded on the unreasonable and incorrect notion that the prosecution of Cusumano on the three class A felony

charges was time-barred. Counsel began pursuing this erroneous strategy before trial, by filing a motion to dismiss the charges on a statute-of-limitations defense that simply did not exist.[3] Because Missouri law unambiguously provided that class A felonies carried no statute of limitations and could be charged at any time, *see* § 556.036[4], the trial court denied Cusumano's motion to dismiss. But that did not stop counsel from unreasonably continuing to pursue a strategy based on the unfounded belief that the class A felony charges were time-barred. As matters proceeded, counsel's doomed strategy simply became more complicated, and more absurd.

To wit, counsel concluded that to establish that Cusumano's prosecution on the class A felony charges was time-barred, he needed to offer jury instructions on the lesser included, unclassified felonies of forcible rape and forcible sodomy. After counsel did so and the jury convicted Cusumano only of the lesser included offenses, counsel renewed Cusumano's already-denied motion to dismiss, arguing that the court had been retroactively *deprived of its jurisdiction* over prosecution of Cusumano on the *class A* felony charges because his convictions of the lesser included offenses were time-barred and, most critically, demonstrated that there was *no* evidence of the aggravating facts required to prove the class A felony versions of the crimes. As counsel

---

[3] In the motion to dismiss, counsel asserted that under the statutes in effect at the time of the offense, forcible rape and forcible sodomy were defined *exclusively* as "unclassified" offenses, which had a long-expired *three-year* statute of limitations under RSMo § 556.036 (1986). Counsel was wrong. Section 566.030 provided that "forcible rape," even if generally unclassified, may nevertheless become a "class A felony" where, in the course of committing the offense, the defendant "inflict[ed] serious physical injury on any person, display[ed] a deadly weapon or dangerous instrument in a threatening manner or subject[ed] the victim to sexual intercourse or deviate sexual intercourse with more than one person." Further, § 566.060 provided that "forcible sodomy," although also generally deemed an unclassified felony, may nevertheless become a "class A felony" where, in the course of perpetrating the offense, the defendant committed either of the aforementioned forms of aggravating conduct.

[4] All statutory references are to RSMo 1986 unless otherwise indicated.

put it, the fact that Cusumano had been convicted only of lesser included offenses constituted an "affirmative defense" to his prosecution on the class A felony charges.

However, not only was counsel's convoluted argument not supported by Missouri law, but counsel's submission of instructions on the lesser included felonies of standard forcible rape and forcible sodomy placed Cusumano at an added and profound disadvantage: by submitting those instructions, counsel waived Cusumano's statute-of-limitations objections to the time-barred offenses of which Cusumano was ultimately convicted. *See State v. Leisure*, 796 S.W.2d 875, 877-78 (Mo.banc 1990) (noting that the Missouri Supreme Court "has long held that a defendant cannot complain of an instruction given at his request" (citing cases from *State v. Decker*, 33 S.W.2d 958, 962 (Mo.banc 1930), to *State v. Adams*, 497 S.W.3d 147, 154 (Mo.banc 1973)); *see also Longhibler v. State*, 832 S.W.2d 908, 911 (Mo.banc 1992) (holding that the statute of limitations is non-jurisdictional and can be waived); *Leisure*, 796 S.W.2d at 879 (holding that defendants must not be allowed "the option of gambling on the jury's sense of mitigation or mercy by submitting a [lesser included offense] instruction and in so doing *sub silentio* waive the bar of limitation and then having received such merciful consideration at the hands of his peers, reverse his field, assert the bar and ask . . . to [be] free[d] . . . from all accountability"). As a result, Cusumano's convictions of the lesser included felonies were no longer time-barred, and because Cusumano never succeeded in showing that there was insufficient evidence of aggravating facts to *charge* him with the class A felonies of forcible rape and forcible sodomy, the trial court certainly did not lack jurisdiction in this case. It simply does not matter that Cusumano was not ultimately *convicted* of the class A felony charges.

At the motion hearing in this case, counsel explained that he relied on the invalid argument outlined above because here, under *Longhibler* and other applicable case law, he found himself in

a bind: regardless of whether he submitted lesser included offense instructions at trial, he would be forced to waive the "affirmative defense" he believed Cusumano possessed, based on the statute of limitations in § 556.036, against the three class A felony charges in this case. He testified: "So there, you are in a position where the statute of limitations can be waived by asking for a lesser-included, but it can also be waived if you don't submit your affirmative defense.[5] So as a trial attorney, what do you do?" Clearly, counsel failed to recognize that because § 556.036 established that a defendant may be charged with class A felonies at any time, the statute of limitations was no defense to the class A felony charges here and was not a valid reason to waive Cusumano's right to be free from *actually time-barred* prosecution for the lesser included, unclassified felonies.

Nevertheless, the motion court in this case concluded that it could not find that trial counsel had made an unreasonable strategy decision in submitting lesser included offense instructions on the unclassified felonies of forcible rape and forcible sodomy. Because there was "a real possibility" that the jury would find Cusumano guilty of aggravated forcible rape and forcible sodomy, and because the unclassified, lesser included felonies for which counsel submitted instructions carried a lower minimum sentence,[6] the motion court found—as the State argues— that it was "not an unreasonable strategy" for counsel to submit the instructions in order to give the jury the opportunity to render compromise verdicts with respect to the class A felony charges in this case. The motion court also declined to find that trial counsel's strategy was unreasonable

---

[5] In *Longhibler*, 832 S.W.2d at 909-11, the Missouri Supreme Court held that the issue of the statute of limitations is an affirmative defense which must be raised by a criminal defendant before final disposition of a case, whether by conviction or plea, or it is waived. However, *Longhibler* does not stand for the proposition that a statute-of-limitations affirmative defense must be preserved in the manner attempted by trial counsel here.

[6] The range of punishment on the unclassified felonies was five years to thirty years or life imprisonment, and for the class A felonies was ten years to thirty years or life imprisonment. As stated above, the trial court sentenced Cusumano to life imprisonment for each offense.

because, as counsel testified at the motion hearing, "had trial counsel not offered the lesser-included offenses, and had the jury then convicted [Cusumano] of the class A felonies, then there would [have been] no possibility of raising any defense of statute of limitations, as the class A felonies have no statute of limitations."

However, the record in this case plainly refutes the motion court's findings in this regard. First, as already stated, it was not reasonable or required for counsel to submit instructions on the unclassified felonies in order to preserve Cusumano's statute-of-limitations defense to the class A felony charges, since under Missouri law he did not have any such defense. Second, trial counsel was asked multiple times at the motion hearing whether there was any reason to submit the lesser included offense instructions other than to re-assert Cusumano's statute-of-limitations objections—i.e., to raise his so-called "affirmative defense"—to the charges in this case and he responded, "No. Like I said, the *only* reason to offer them was in support of our motion." (emphasis added). Counsel elaborated that "it wasn't [Cusumano's or counsel's] intent to file a lesser-included,"[7] and that "[t]he reason [they] filed it is because in order to claim that the statute of limitations had run and that the court didn't have jurisdiction because the statute of limitations had run, you have to present [the lesser included offense instructions] as an affirmative defense. If you don't present that as an affirmative defense, you waive it."

---

[7] Counsel clarified that "from where [he and Cusumano] were standing, [they] were submitting [the lesser included offense instructions] as an alternative, as opposed to a lesser. [They] were submitting it with the motion to dismiss." Counsel stated that "[i]n his career [he'd] never filed a *motion* to request a lesser-included." (emphasis added). He explained that "[w]hen you are in trial and you are submitting instructions, it's just something you say. 'This is a lesser-included that we want to request.' You don't have to type up a large motion and make an argument for it and things like that. So it wasn't like [counsel and Cusumano] were just adding this lesser-included on. It was part of a motion."

Counsel further testified that "one of the most disappointing things for [him] was that [his submission of the instructions] was considered as [if he and Cusumano] offered a lesser-included," which "disregard[ed] all the other things that [they] did prior to and during trial."

7

Further, with regard specifically to the notion, adhered to by the motion court and the State, that counsel submitted instructions on the unclassified felonies in order to give the jury the opportunity to render compromise verdicts that could have resulted in lesser sentences for Cusumano, counsel testified that "realistically, [he and Cusumano] didn't think [the fact that the unclassified felonies carried a lower minimum sentence] was going to matter if [Cusumano] was found guilty." Instead, as counsel repeatedly stated, he submitted instructions on the unclassified felonies solely to preserve Cusumano's "affirmative defense" that the statute of limitations barred any prosecution against him on the class A felony charges.

Consequently, we hold that the motion court clearly erred when it failed to find that the record in this case rebuts the presumption that counsel's decision to submit the lesser included offense instructions was part of a reasonable trial strategy. On this record, Cusumano has shown by at least a preponderance of the evidence that counsel *un*reasonably waived Cusumano's right to be free from prosecution for the unclassified, lesser included felonies of standard forcible rape and forcible sodomy, of which he was ultimately convicted, by submitting instructions on those offenses *not* to offer the jury the opportunity to render compromise verdicts, but *solely* to support an *illusory* statute-of-limitations defense to the aggravated, class A felony charges against him. In other words, Cusumano has established that in light of all the facts and circumstances in this case, counsel's submission of the lesser included offense instructions was part of an unreasonable, ineffective trial strategy that fell outside the wide range of professionally competent assistance.

And there is no question that Cusumano was prejudiced by counsel's pursuit of an unreasonable trial strategy. Because Cusumano was convicted here of the lesser included felonies on which counsel unreasonably submitted instructions—and because, as stated above, the statute of limitations would have barred Cusumano's convictions for those offenses if counsel had not

8

waived the defense by submitting instructions on those offenses—we find that there was not just a reasonable probability, but rather a certainty that but for counsel's unreasonable submission of those instructions, the result in this case would have been different (i.e., Cusumano would not have been convicted of standard forcible rape and forcible sodomy). Thus, we are left with the definite and firm impression that the motion court made a mistake in this case. Point granted.

## Conclusion

For the reasons stated above, we reverse the judgment of the motion court and remand to the Circuit Court of St. Louis County for a new trial.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.